## DuVALL *v.* CITY COUNCIL OF AUGUSTA.

Even if an accusation in a police court charging a person with the sale of "in-
    toxicated" liquors can be properly construed to charge the sale of intoxicat-
    ing liquors, a judgment finding such person guilty is erroneous when the only
    evidence as to the character of the liquor sold is that it was beer, the evi-
    dence not showing what kind of beer it was or that it was an intoxicating
    liquor.

Submitted June 16, — Decided July 17, 1902.

Certiorari. Before Judge Brinson. Richmond superior court. April 22, 1902.

*S. F. Garlington,* for plaintiff in error. *W. H. Barrett,* contra.

SIMMONS, C. J. In the recorder's court of the City of Augusta, Lillie DuVall was tried and convicted on a charge of selling "intoxicated" liquors on Sunday. The accusation was demurred to on the ground that it set out no offense against any of the ordinances of the city. The demurrer was overruled, and the case proceeded to trial. Two witnesses testified that, after twelve o'clock on a certain Saturday night, they purchased a bottle of beer of a woman in the employment of the defendant, and paid her therefor in the presence of the defendant. The recorder found the defendant guilty; whereupon she sued out a writ of certiorari from the superior court, alleging that it was error to overrule the demurrer, and that the judgment of guilty was without evidence to support it, as the evidence did not show that the liquor sold was intoxicating. Upon the hearing the certiorari was overruled. The plaintiff in certiorari excepted.

We think it very doubtful whether the charge was well founded under the ordinance of the city. That ordinance makes it penal for any dealer in intoxicating liquors or any other person to sell spirituous, vinous, or fermented liquors after certain hours at night. The charge in the present case was of selling "intoxicated" liquors. This is to us a new kind of liquor, and is not mentioned in any of the books on the subject of liquors. Be that as it may, we are clear, treating the charge as relating to intoxicating liquors, that the case was not made out. If the charge amounted to an accusation of unlawfully selling intoxicating liquors, then the proof should have shown that the liquors sold were intoxicating. There was no evidence as to the kind of beer which was sold. There are many kinds

of beer made and used, such as potato beer, persimmon beer, rice beer, and other beers, which are known to be not intoxicating. There is also lager beer which may or may not be judicially known to be intoxicating, the courts differing as to this matter. The evidence in this case merely showed that the liquor sold was beer, and did not disclose what kind of beer it was. The recorder stated on the trial that he would take judicial notice that beer was intoxicating. In this we think he erred. Assuming that the beer sold was lager beer, the courts in the different States differ as to whether or not they will notice judicially that it is of an intoxicating nature. This court, so far as we know, has never decided the question. As in this case it was not even shown that the beer sold was lager beer, we think it can not be assumed to have been intoxicating. The judge, therefore, erred in overruling the certiorari.

*Judgment reversed. All the Justices concurring, except Lewis, J., absent.*