### 3528.   MARTIN *v.* CITY OF ROME.

Proof merely that a person had "beer" in his possession for illegal sale is not sufficient to convict him of having intoxicating or malt liquor in his possession for illegal sale.

DECIDED JULY 25, 1911.

Certiorari; from Floyd superior court—Judge Maddox. June 7, 1911.

*Denny & Wright, Eubanks & Mebane,* for plaintiff in error.
*Max Meyerhardt, Maddox & Doyal,* contra.

POWELL, J. Only one reason appears for reversing the judgment. There is no proof that the beer which the defendant sold was either malt or intoxicating. It is proved that he sold "beer;" but as to what kind of beer it was the record is silent. From the eagerness with which the beer was sought by the crowds which hung around the place where it was sold, we strongly suspect that it was lager beer, which is both malt and intoxicating; but suspicion, even strong suspicion, does not and should not satisfy legal standards in any criminal case. The proposition that, when the alleged violation of a prohibition law consists in a sale of beer, the prosecution must prove directly or circumstantially that it was a malt or an intoxicating beer is too well settled to admit of any

doubt. *Lumpkin* v. *Atlanta,* ante, 473 (71 S. E. 755); *Cripe* v. *State,* 4 *Ga. App.* 832 (62 S. E. 567); *DuVall* v. *Augusta,* 115 *Ga.* 813 (42 S. E. 265). It is true that among those who were found in the crowd near the place when the beer. was being sold was a drunken man; but we deem this insufficient to prove that the beer was intoxicating, as there was no showing that this man had drunk any of the beer, or that he was not drunk when he came .to the public place where the crowd had gathered.

*Judgment reversed.*