620

## UNITED STATES v. MILLER.

District Court, S. D. New York.
Jan. 19, 1931.

On Reargument, Feb. 6, 1931.

Blau, Perlman & Polakoff, of New York City (Moses Polakoff, of New York City, of counsel), for petitioner.

Robert E. Manley, Acting U. S. Atty., of New York City (William L. Taggart, Sp. Asst. U. S. Atty., of Washington, D. C., of counsel), for the United States.

PATTERSON, District Judge.

■ I agree with the commissioner's findings of fact. The agent saw the defendant place two half-barrels upon a truck. He asked the defendant what was on the truck and received the answer, "Beer." He then made a search of the truck and found that the barrels had no labels and contained beer. Upon these facts the commissioner concluded that there was no probable cause to search the truck and recommended that the motion to suppress be granted. But it seems to me that the facts of the case established probable cause. From the agent's sight of the half-barrels being loaded, and from the defendant's statement that he had beer on the truck, made prior to any search, the agent as a reasonably prudent man was warranted in believing that the truck was transporting liquor in violation of law. Ramsey v. United States (C. C. A.) 27 F.(2d) 502; United States v. Jankowski (C. C. A.) 28 F.(2d) 800. The commissioner apparently thought that the fact that the agent had not then noted the absence of labels on the barrels made the search unreasonable. I cannot agree. The case presented to the agent by what he saw and what he was told by

the defendant furnished ample reason for him to believe that the truck held beer.

The motion to confirm the commissioner's report will therefore be denied, and the defendant's motion to suppress the evidence will also be denied.

On Motion for Reargument.

The motion for reargument is granted, but after reconsideration I adhere to my original ruling. It will be recalled that a motion was originally made to suppress evidence obtained by an alleged illegal search of the defendant's truck. The matter was referred to a commissioner to take testimony and to report. The commissioner found as facts the following: A prohibition agent saw a truck draw up at a garage in Yonkers, and saw the defendant place in the truck two half-barrels. He then asked the defendant what was in the truck and was told, "Beer." The agent then made a search of the truck, seized the barrels, and placed the defendant under arrest. He had no search warrant. As a conclusion of law, the commissioner reported that in his opinion the search was unreasonable. The matter then came on before me for confirmation. I approved the commissioner's findings of fact but disagreed with his conclusion of law. I therefore ruled that the motion to suppress should be denied.

■ The point now stressed by the defendant is that the defendant's admission that he had "beer" is not entitled to weight in determining whether the agent had probable cause to believe that the defendant was engaged in transporting contraband goods. It is said that "beer" does not mean a liquid of the forbidden alcoholic content, but is used interchangeably with "near-beer," the stronger beverage being generally referred to as "real beer." I am not persuaded by this argument Under certain conditions, it may be that "beer" is used colloquially to mean a cereal beverage with less than one-half of one per cent. of alcohol. For example, a person who walked up to a soda fountain and asked for "beer" would probably be understood as meaning a beverage containing less than the legal content and would be served it. But the word "beer" in a soda fountain and the word "beer" used by the driver of a truck who has just taken two half-barrels from a garage may not have the same significance. The same may be said of the word "liquor." To a chemist liquor does not necessarily connote an intoxicating beverage, or indeed a beverage at all. Under other circumstances, the term would be taken as referring to an intoxi-

eating beverage. The truth is that there is no magic in the exact words used at the time of a seizure or in the possible meanings that may conceivably be attached to the words. Suppose the agent had asked what was in the half-barrels and the driver had said that they contained lemon drops; I would not be willing to say that probable cause to believe that intoxicating liquor was being transported was lacking. It is impossible to isolate the words from the surrounding conditions. It will be borne in mind that the question here is not whether the agent was convinced beyond a reasonable doubt that the defendant was committing a crime. It is whether he had probable cause to believe that a crime was in course of commission before his eyes. Carroll v. United States, 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790; United States v. McGuire (D. C.) 300 F. 98, 102. It being notorious that beer with the prohibited alcoholic content is frequently transported in trucks and that the common receptacle for the beer is a half barrel, I feel no hesitancy in holding that an agent who sees such barrels being taken from a garage and placed upon a truck, and who is told by the driver that the barrels contain beer, has sufficient grounds to believe that the National Prohibition Act is being violated. He would be derelict in his duty if he did not search the truck.

The defendant calls attention to a number of cases wherein it has been held that many beverages sold under the name of beer are not intoxicating liquors. Blatz v. Rohrbach, 116 N. Y. 450, 22 N. E. 1049, 6 L. R. A. 669; Hansberg v. People, 120 Ill. 21, 8 N. E. 857, 60 Am. Rep. 549; Lathrope v. State, 50 Ind. 555; Du Vall v. City Council, 115 Ga. 813, 42 S. E. 265; Berry v. United States (C. C. A.) 275 F. 680. Most of these cases arose prior to the passage of the National Prohibition Act (27 USCA), at a time when there was latitude to the term intoxicating liquors. They also involved the sufficiency of proof at trials, where guilt must be proved beyond reasonable doubt. The only case which I have found bearing upon the present situation is Proulx v. United States (C. C. A.) 32 F.(2d) 760, where it was held that an affidavit setting forth a sale of "home-brew beer" would not support a search warrant, the ground of the decision being that judicial notice would not be taken that "home-brew beer" was intoxicating liquor within the definition of the National Prohibition Act. The court intimated, however, that the result might be different on proof of the sale of beer without any adjectival modifications.

The motion to suppress the evidence obtained by search of the truck is accordingly denied.