## UNITED STATES v. NOTTO.
### No. 78.

Circuit Court of Appeals, Second Circuit.
Nov. 7, 1932.

782

. Louis Halle, of New York City (Milton R. Kroopf, of New York City, of counsel), for appellant.

George Z. Medalie, U. S. Atty., of New York City (Bronson Goddard, of New York City, of counsel), for the United States.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

The appellant assigns as error that the trial court denied a motion to suppress before trial the evidence obtained at the time of his arrest, refused at the trial to strike out such evidence, and so charged the jury as virtually to direct a verdict of guilty.

The defendant was arrested while driving a truck containing 35 half barrels of beer which was found by subsequent analysis to possess the prohibited alcoholic content and to be fit for beverage purposes. After a hearing before a United States commissioner, the defendant was discharged upon the ground that no probable cause was shown for his arrest and the seizure of the property. Thereafter, on the testimony taken before the commissioner, the defendant moved before trial for suppression of the evidence. The denial of this motion constitutes the appellant's first challenge to the judgment.

■■ But the record does not raise the question whether the ruling on this motion was correct; rather the question presented is whether the evidence adduced at the trial was incompetent because illegally obtained. Although the motion to suppress was made before trial, the order denying it was not entered until several days after conclusion of the trial. If it was in fact denied before trial, no exception was noted to such denial, nor was the motion renewed when the trial commenced. But whether the trial judge ruled upon the motion before trial or held it under advisement until afterward would seem to be immaterial in view of the conduct of the trial. The purpose of such a preliminary motion is to preclude the contention that a defendant has waived objection to the manner in which the evidence has been obtained. See Cogen v. United States, 278 U. S. 221, 223, 224, 49 S. Ct. 118, 73 L. Ed. 275. Even if the motion is denied before trial, an objection to the admission of the evidence may be sustained at the trial, and the question must be considered and decided as it is then presented. Gouled v. United States, 255 U. S. 298, 312, 313, 41 S. Ct. 261, 65 L. Ed. 647. In the case at bar, a motion was made at the conclusion of the government's case to strike out all the evidence on the ground that it was obtained in violation of the constitutional rights of the accused. Error is assigned to the denial of that motion. We pass at once to a consideration of the question thus presented.

■ Shortly after 6 o'clock in the morning, two prohibition agents saw the defendant drive a truck off the Hoboken ferry at West Twenty-Third street. It was a closed truck, and they observed by its sagging springs that it was heavily loaded. The agents followed it through the city streets until it came to a stop at the curb. Thereupon Agent Kennedy approached the rear of the truck, smelled an odor of beer, looked through a small hole in the rear door and saw beer barrels. On one barrel near the hole he saw that there was no label on the commercial head, as required by the Regulations. Treasury Reg., Bureau of Industrial Alcohol, §§ 71, 1020. He then approached the driver and asked how many halves of beer he had on the truck, and the driver replied, "Thirty-five halves." Thereupon Kennedy identified himself as a federal agent and placed the driver under arrest. The truck was then seized, and samples were taken from two of the barrels and delivered to the United States chemist. On cross-examination, it was brought out that Kennedy had not been asked at the hearing before the commissioner whether he smelled beer, nor had he so testified. Neither had he alluded to this fact when he reported the seizure to the United States attorney.

Agent Flynn corroborated the story of Agent Kennedy, except that Flynn said nothing of the smell of beer. He was not questioned as to it. The chemist proved the illegal content of the samples and that the beer was fit for beverage purposes.

The foregoing evidence, which was wholly uncontradicted, was enough to justify the arrest and subsequent seizure. When the driver was asked how many halves of beer he was carrying, he did not qualify his answer. The defendant suggests that his admission he was carrying "beer" may have meant only "near beer"; but he did not so assert when questioned, and it is hardly conceivable that if the load were innocent, the driver would not have said so. The agent had smelled an odor of beer, had seen that the truck contained barrels such as are customarily used to carry beer, whether lawful or illegal, and that one of the barrels did not have such a label as it would have been likely to have had were its contents lawful beer. Under these circumstances, the failure of the driver to assert that his "beer" was only "near beer" would lead a reasonably discreet and prudent man to believe it to be illegal beer. See United States v. Miller (D. C. S. D. N. Y.) 47 F. (2d) 620; United States v. Goble (D. C. S. D. N. Y.) 44 F.(2d) 224, 225. Within the rule laid down in Husty v. United States, 282 U. S. 694, 700, 51 S. Ct. 240, 75 L. Ed. 629, 74 A. L. R. 1407, we think the agent had probable cause to make the arrest and search the truck. Hence denial of the motion to strike out the evidence was correct.

The trial judge charged the jury that, while they were judges of the evidence, he was at liberty to state his opinion of the facts, and he advised them "that on the undisputed evidence this man is guilty, and it is your duty to convict him." While the charge was drastic, there was no error in it. There were no controverted facts. The alcoholic content of the beer was conceded; and the driver was in possession of it, for there was no proof that he was a servant of some one else, or that ownership of the truck or beer was in some third party. The judge ruled as a matter of law that under section 33, title 2, of the National Prohibition Act (27 USCA § 50), mere possession made out a prima facie case. While error was assigned to this portion of the charge, the point has apparently been abandoned as it is not mentioned in the appellant's brief. Hence on the uncontroverted facts there was no defense whatever to the informa-tion. There was nothing for the jury to do but convict, if they performed their duty. In expressing this opinion, the judge did not go beyond his province. He still allowed the jury "the technical right, if it can be called so, to decide against the law and the facts." See Horning v. District of Columbia, 254 U. S. 135, 139, 41 S. Ct. 53, 65 L. Ed. 185, where an even more drastic charge was sustained.

Judgment affirmed.