## SHADDY v. UNITED STATES.
### No. 2748.

Circuit Court of Appeals, Tenth Circuit.

Jan. 4, 1944.

Judd L. Black, of Oklahoma City, Okl. (Kenneth Kienzle, of Shawnee, Okl., on the brief), for appellant.

Robert E. Shelton, Asst. U. S. Atty., of Oklahoma City, Okl. (Charles E. Dierker, U. S. Atty., of Oklahoma City, Okl., on the brief), for the United States.

Before PHILLIPS, BRATTON, and MURRAH, Circuit Judges.

PHILLIPS, Circuit Judge.

Shaddy has appealed from a judgment of conviction for a violation of § 11 of the Selective Training and Service Act of 1940, 50 U.S.C.A.Appendix, § 311. The indictment charged that Shaddy, on November 23, 1942, having theretofore registered under such Act, with intent to evade

induction into, and service in, "the land or naval forces of the United States," failed to report for induction.

The evidence established these facts: Shaddy duly registered with, and came under the jurisdiction of, the local board of Woods County, Oklahoma. In his questionnaire filed with the local board, he claimed to be a minister of religion of Jehovah's Witnesses. He also filed a conscientious objector's form in which he claimed to be opposed to participation in war in any form. The local board classified Shaddy as 1-A-O. Shaddy appealed from that classification. The Board of Appeals sustained the classification made by the local board.[1]

On November 12, 1942, the local board issued its order to Shaddy notifying him that he had been "selected for training and service in the Army," ordering him to report to such local board at the American Legion Building in Alva, Oklahoma, at 8 A. M., Friday, November 17, 1942, and notifying him that he would be furnished with transportation to the induction center of the service for which he had been selected, and that he would be there examined and if accepted for training, would then be inducted into the stated branch of the service. The order was mailed to, and received by, Shaddy. On November 16, 1942, the local board notified Shaddy that he had been granted a five-day extension and that he should report at 8:45 A. M., November 23, 1942. Shaddy refused to report.

The United States Attorney and counsel for Shaddy filed a written stipulation in the case which was embodied in the bill of exceptions. It was recited in the stipulation that Shaddy was ordered by the local board to report for induction into the armed forces of the United States for noncombatant service. But the order to report for induction, which was introduced in evidence at the trial, shows that the recital in the stipulation is erroneous and that Shaddy was ordered to report for induction into the armed forces of the United States for training and service in the army.

▉▉▉▉ Counsel for Shaddy urge here for the first time that there is a variance between the allegations of the indictment and the proof. The contention is based upon the erroneous recital in the stipulation. The order of the local board directed Shaddy to report for induction into the army. It is true that a registrant classified as 1-A-O is subject to noncombatant service only. Nevertheless, such a registrant is subject to induction into the army and will be assigned to a noncombatant division, such as, for example, the Medical Corps. 32 CFR 1940 Supp., § 603.364. There was no variance between the allegations of the indictment and the proof.

In its charge to the jury, the court said:

"As to the remarks of the court as to whether he received orders to report for induction and he did report for that purpose, if you differ in this conclusion, it is not only your privilege but your duty to disregard the remarks of the court upon that matter, but if you find from the evidence beyond a reasonable doubt that he refused and failed to report for induction into the United States army, then in my judgment he is guilty, but you are the sole judges of the facts. You are the sole judges of the credibility of the witnesses."

▉▉▉ The charge clearly left to the jury the determination of the issues of fact and advised the jury that it was the sole judge of the credibility of the witnesses. The facts were not in dispute and clearly established Shaddy's guilt. Hence, the statement of the court "in my judgment he is guilty" was not prejudicial.[2]

The judgment is affirmed.

[1] Cf. Falbo v. United States, 64 S.Ct. 346, decided January 3, 1944.

[2] Horning v. District of Columbia, 254 U.S. 135, 138, 139, 41 S.Ct. 53, 65 L.Ed.

185; United States v. Notto, 2 Cir., 61 F.2d 781, 783; Buchanan v. United States, 8 Cir., 15 F.2d 496.