**NELSON v. PECKHAM.**

**No. 6739.**

United States Court of Appeals, Fourth Circuit.

Argued Jan. 4, 1954.

Decided Feb. 9, 1954.

David Rein, Washington, D. C. (L. Lee Bean, Arlington, Va., on the brief), for appellant.

Howard O. Husband, Lieutenant Colonel, Judge Advocate General's Corps, Washington, D. C. (L. S. Parsons, Jr., U. S. Atty., Norfolk, Va., and James R. Moore, Asst. U. S. Atty., Richmond, Va., on the brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PARKER, Chief Judge.

This is an appeal from an order dismissing a petition for a writ of habeas corpus by a dentist drafted under the Doctors Draft Law as amended in 1953, who claims that he is held in the army in violation of law because, as he contends, the authorities have not complied with the conditions imposed by that act. Appellant is thirty-seven years of age and is not subject to military service under the general provisions of the Universal Military Training and Service Act. U. S.C.A. Title 50 Appendix, § 454. He is, however, subject to the Doctors Draft Law as extended and amended by the Act of June 29, 1953, Public Law 84, 83d Cong., 1st Session, 67 Stat. 86. He was drafted pursuant to the provisions of that act and is being held in the army with the rank of a private soldier and is refused a commission notwithstanding that he has had experience of more than six years in the practice of dentistry, which under army regulations would qualify him for a commission as Captain. He is denied the commission because of former affiliation with the Communist Party and the Young Communist League and because of membership in the International Workers Order, listed by the Attorney General as a subversive organization. Appellant does not contend that there is any power in the courts to require that he be given a commission in the army. He admits that prior to the amendment of the Doctors Draft Law in 1953 he would not be entitled to discharge in view of the holding of the Supreme Court in Orloff v. Willoughby, 345 U.S. 83, 73 S.Ct. 534, 97 L.Ed. 842. He contends, however, that the effect of the 1953 amendment was to impose as a condition of his being held in service under the Doctors Draft Law that he be granted the commission and pay of an officer. We think that this is correct.

The applicable law prior to the amendment by the Act of June 29, 1953, was sec. 4 of the Act of September 9, 1950, 64 Stat. 826, 828, which is as follows:

"Notwithstanding any other provision of law, where any person who served on active duty as a physician or dentist in the Armed Forces (including the Public Health Service) of the United States subsequent to September 16, 1940, thereafter has been, or shall be, recalled to active duty as a physician or dentist in the Armed Forces (including the Public Health Service) of the United States, such person *may*, under regulations prescribed by the President, be promoted to such grade or rank as may be commen-

surate with his medical or dental education, experience, and ability." (Italics supplied.)

In Orloff v. Willoughby, supra, the Supreme Court on March 9, 1953 held that, under the statute as it then stood, a doctor drafted and held in the rank and pay of a private was not entitled to discharge. This decision was presumably known to Congress which in passing the statute of June 29, 1953, extending and amending the statute, made mandatory, and not merely permissive, the appointment or promotion of the drafted doctor to rank or grade commensurate with "his professional education, experience, or ability" under regulations prescribed by the President. The section as amended, 67 Stat. 86, 50 U.S.C.A.Appendix, sec. 454a, is as follows:

"Notwithstanding subsection 217 (c) of the Armed Forces Reserve Act of 1952 (66 Stat. 481) or any other provision of law, any person liable for induction under the Act of September 9, 1950, as amended, or any member of a reserve component who has been or shall be ordered to active duty on or before July 1, 1955, as a physician, dentist, or in an allied specialist category in the Armed Forces (including the Public Health Service) of the United States shall, under regulations prescribed by the President, be appointed, reappointed, or promoted to such grade or rank as may be commensurate with his professional education, experience, or ability." (Italics supplied.)

The applicable regulations prescribed by the President for appointment in the Dental Corps section provided that an applicant must be a graduate of a dental school acceptable to the Army, be currently licensed to practice dentistry and be currently engaged in the practice. With respect to appointment to positions below the grade of colonel the regulations provided that they would be in grades determined "solely by the number of years of dental professional experience" acquired subsequent to graduation. Applicants with less than four years experience were to be given the grade of First Lieutenant, with experience of 4 to 11 years the grade of Captain, with experience of 11 to 18 years the grade of Major, with experience of 18 years or more the grade of Lieutenant Colonel. No provision was made for the grade of private or non-commissioned officer. See 32 C.F.R. 561.18 (c).

It is argued that the purpose of the amendment was to equalize promotional policies in all of the armed services with respect to doctors and dentists in the reserve or subject to the draft whether they had seen prior service or not. This was undoubtedly one of the objectives of the amendment; and it was attained by extending the coverage of the act and by making not merely permissive but mandatory appointment to grade or rank commensurate with professional education, experience or ability. This appears so clearly from the language of the amendatory statute as not to call for resort to legislative history; but it is worth noting that the legislative history leaves no doubt about the matter. The report of the House Armed Services Committee (House Rep. No. 338, 83d Cong. 1st Sess.) states at p. 13:

"And finally, another provision of the proposed law broadens existing law with respect to the grade or rank that shall be given to any doctor who is ordered to active duty prior to July 1, 1955. At present, the law permits the President to prescribe regulations for the promotion of Reserve officers who had active duty subsequent to September 16, 1940, and have since been recalled based upon their education, experience, and ability. Such promotions have not been effected in the Navy, nor does the law require a doctor who is ordered to active duty following his registration under the doctors draft law to be given a grade or rank commensurate with his age, education and ability. Under the proposed amend-

ment, any member of a Reserve component who has been or will be ordered to active duty before July 15, 1955, as a physician, dentist, or in an allied specialist category, *shall be appointed. reappointed, or promoted to such grade or rank as may be commensurate with his professional education, experience or ability.*" (Italics supplied.)

The report of the Senate Committee on Armed Forces (Sen.Rep. No. 305, 83d Cong. 1st Sess.) states at p. 13:

"Section 3: This section amends the provisions of section 4 of Public Law 779, 81st Congress, by substituting the following clauses:

"Section 4(a) reenacts section 4 of the original doctors' draft law which provided that any special registrant 'recalled' to active duty might be promoted to such grade or rank commensurate with his medical or dental education, experience, and ability. This section is now extended to include any special registrant who is a member of a Reserve component who has been or will be called to active duty prior to July 1, 1955, irrespective of whether he has previously performed prior military service. *The section is intended therefore, to provide for uniform treatment with respect to the ranks of all physicians and dentists called to active duty.*" (Italics supplied).

In the debate on the bill in the House, Congressman Short, Chairman of the Committee on Armed Services which drafted the bill, said:

"Under the doctor's draft law, as amended by the committee, all doctors must be given commissions commensurate with their age, ability, and experience. This is only proper. * * * Now, the proposed committee amendment also permits the commissioning of aliens which has heretofore not been possible because of certain restricting laws. Since it was unfair to induct an alien physician and only pay him a private's pay, Selective Service has not been inducting aliens, but with this law they will be able to commission alien doctors and they will promptly proceed to order them up for induction, allow them to apply for Reserve commissions, and then the services will order them to active duty. * * * It is discriminatory beyond all doubt, but we have tried to make it as equitable as possible." (99 Cong.Record 4970–71.)

Congressman Bennett of Florida, a member of the Committee on Armed Services, said:

"*In the first place, they are given commissions. People who have commensurate education in other fields of endeavor, such as lawyers, are not automatically offered commissions.* * * * It [the Doctors Draft Law] discriminates against some people, it is true, but the discriminations have been minimized as much as possible." (99 Cong. Record 4977.) (Italics supplied.)

The debates in Congress show clearly that that body was fully aware of the hardship imposed upon doctors and dentists in drafting them for service in the armed forces, when they were beyond the age within which other men were subject to draft, and that they were being drafted only because of necessity. It is equally clear that Congress was doing everything within its power to ameliorate the hardship thus imposed and was providing that all be given the rank and grade of officers so as to compensate them, as far as possible, for being taken away from the civilian practice of their professions.

As heretofore stated, the courts are without power to direct the granting of a commission to appellant; and, in the absence of the change made in the language of the Doctors Draft Law by the amendment of 1953, we would unhesitatingly hold, in line with Orloff v. Willoughby, supra, that the appellant was without any ground of relief. We think that it was the clear intention of Congress, however, by the change of language made in that amend-

ment, to require that a physician or dentist held to service thereunder shall be granted a rank or grade "commensurate with his professional education, experience, or ability", and that this must be construed as a condition of the right to hold him to service. While the courts cannot direct or control the granting of rank or grade, they can direct that a physician or dentist be released from service when this condition of the law is not complied with. Because of appellant's Communist affiliations, the officials of the Army were acting within the proper scope of their authority in refusing to grant him a commission carrying the rank and grade of an officer; but they could not deny him this rank and grade and at the same time hold him to service under the statute as we think it must be interpreted. If not fit to be an officer, he should be held not fit for the services for which he has been drafted and should be dismissed.

The order appealed from will be reversed and the case will be remanded with direction to order that appellant be released from service unless accorded rank and grade as provided by the statute.

Reversed.