Russell Louis LA ROSE, Petitioner,

v.

Lieutenant General Robert N. YOUNG, Commanding General, Sixth Army, Presidio of San Francisco, California, Respondent.

Civ. No. 35068.

United States District Court
N. D. California, S. D.
March 23, 1956.

J. B. Tietz, Los Angeles, Cal., for petitioner.

Lloyd H. Burke, U. S. Atty., Richard H. Foster, Asst. U. S. Atty., San Francisco, Cal., for defendant.

OLIVER J. CARTER, District Judge.

Russell Louis LaRose has petitioned this Court for a writ of habeas corpus, contending that he is being unlawfully restrained by the Commanding General of the Sixth Army. Respondent moves to dismiss.

In 1950 petitioner registered for the draft, and was eventually classified 1–A–O, as a conscientious objector available for noncombatant military service only. In 1953 he was ordered to report for induction, and was inducted into the Army as a conscientious objector available for noncombatant military service only.

Petitioner alleges that his first assignment in the Army was for training in the field artillery, and that such an assignment was an improper one for an inductee whose draft classification was 1–A–O. Petitioner further alleges that after protesting his assignment, he was given another assignment, but that the new assignment required him to perform acts inconsistent with his noncombatant status, and that therefore he left the Army on his own initiative and returned to his home, where he remained until January 14, 1954, when he was

taken into custody and charged with desertion.

Petitioner's main contention is that his induction into the Army was rendered void by the alleged failure of the Army authorities to assign duties to petitioner consistent with his noncombatant status. The only case cited for this proposition is United States ex rel. Weidman v. Sweeney, D.C.E.D.Pa., 117 F.Supp. 739. There Weidman had been classified 1–A–O by his draft board. Under the law and regulations in effect at that time, it was proper for a 1–A–O inductee to be arbitrarily assigned, without his consent, to a medical department of the armed forces or to a unit of the armed forces which was unarmed at all times. But Weidman was inducted into the Marine Corps without being given any choice in the matter, and the Marine Corps had no medical department and no unit which was unarmed at all times. Weidman made certain attempts to bring his plight to the attention of his superiors, but his efforts were unavailing. He then left his military assignment on his own initiative and returned to his home. Under these circumstances the District Court for the Eastern District of Pennsylvania held that Weidman's induction was void, because his induction purported to place him, without his consent, in a branch of the armed forces in which it was impossible for him to be properly assigned. The court held that Weidman was not a deserter because he was never effectively inducted into the armed forces.

■ Petitioner here does not claim that he was inducted into a branch of the armed forces which had no unit to which he could properly be assigned— here it is alleged that after petitioner was inducted into the Army some of the assignments he received were improper. This Court reads the Weidman case as holding that Weidman's induction was void because of the nature of the branch of the armed forces into which the induction purported to place him. If

Weidman had known that the Marine Corps had no medical department and no unit unarmed at all times, presumably he would have objected to his induction into that branch of the armed forces; petitioner in the case at bar could not have made any such objection to his induction into the Army, and therefore it is the conclusion of this Court that the Army acquired jurisdiction over petitioner at the time of his induction.

■ Petitioner does not claim that the Army lost jurisdiction over him by giving him an allegedly improper assignment, and if such claim were advanced, it would be untenable. If petitioner believed that the Army was acting in excess of its jurisdiction over him by giving him a particular assignment, he could have tested the validity of his assignment by applying for a writ of habeas corpus (after exhausting administrative remedies available to him). Although the courts cannot direct that an individual be given a particular military assignment, a court can order that a petition for a writ of habeas corpus be granted unless the military authorities refrain from acts in excess of their jurisdiction over the applicant for the writ. Compare Nelson v. Peckham, 4 Cir., 210 F.2d 574; Levin v. Gillespie, D.C.N.D.Cal., 121 F.Supp. 239, subsequent opinion, D.C., 121 F.Supp. 726. Petitioner did not choose to pursue that remedy. Since petitioner was effectively inducted into the Army, and since petitioner never appropriately challenged his allegedly improper assignments, the Army never lost jurisdiction over petitioner even if his allegations of improper assignments are true.

■ This petition for a writ of habeas corpus is disposed of by the determination of this Court that the respondent has jurisdiction to detain petitioner. In Hiatt v. Brown, 339 U.S. 103, 111, 70 S.Ct. 495, 498, 94 L.Ed. 691, the Supreme Court reiterated this familiar rule:

"It is well settled that 'by *habeas corpus* the civil courts exercise no supervisory or correcting power over the proceedings of a court-martial * * *. The single inquiry, the test, is jurisdiction.' In re Grimley, 1890, 137 U.S. 147, 150, 11 S.Ct. 54, 34 L.Ed. 636."

Petitioner also contends that various persons in the selective service system improperly persuaded him not to appeal from his classification of 1–A–O; but this issue was before the Court in a previous habeas corpus proceeding instituted by petitioner, and in that proceeding it was determined that petitioner had not been denied due process of law in the pre-induction proceedings leading up to his induction into the Army. Wyman v. LaRose, 9 Cir., 223 F.2d 849, certiorari denied 350 U.S. 884, 76 S.Ct. 137. That determination is res judicata to the same issues raised in this case.

Since the petition does not show that the respondent's custody of petitioner is unlawful, the motion to dismiss will be granted.

It is ordered that the petition for writ of habeas corpus be, and the same is hereby, dismissed.