Herbert L. NELSON

v.

UNITED STATES.

No. 470–56.

United States Court of Claims.

Dec. 4, 1957.

David Rein, Washington, D. C., for plaintiff.

Sondra K. Slade, Washington, D. C., with whom was Asst. Atty. Gen. George Cochran Doub, for defendant.

JONES, Chief Judge.

The issue is whether plaintiff, a dentist, who was inducted into the Armed Forces under the Doctors Draft Law, as amended in 1953, is entitled to the pay and allowances of a captain, rather than at the grade of a private, for which he was paid.

The plaintiff was overage and was not subject to military service under the general provisions of the Universal Military Training and Service Act, 50 U.S.C.A.Appendix, § 454.

Plaintiff, however, was subject to the Doctors Draft Act of September 9, 1950, 64 Stat. 826, 828. He registered under that act and in April 1953 made application for a commission in the armed services. He was refused a captain's commission on the ground that he had had Communist affiliations. Nevertheless, on May 28, 1953, he was inducted into the armed services as a private. He, however, served in a professional capacity as a dentist until he was discharged on May 14, 1954.

The Doctors Draft Act was amended on June 29, 1953, 67 Stat. 86, 50 U.S.C.A. Appendix, §§ 454, 454a, 454b. According to the terms of the amendment it was provided that, notwithstanding any other provision of the law, any person liable for induction under the Act of September 9, 1950, who had been or should thereafter be ordered to active duty on or before July 1, 1955, as a physician or dentist in the Armed Forces of the United States "shall, under regulations prescribed by the President, be appointed, reappointed, or promoted to such grade or rank as may be commensurate with his professional education, experience, or ability." 67 Stat. 86. Regardless of this clear provision of the amended act, the Armed Forces declined to commission the plaintiff. At the same time they retained him in the Army as a private but assigned him to

duty in a professional capacity as a dentist.

Plaintiff instituted *habeas corpus* proceedings claiming that he was entitled to be commissioned in the Army or to be discharged.

The issue was decided by the United States Court of Appeals for the Fourth Circuit in the case of Nelson v. Peckham, 4 Cir., 210 F.2d 574. In a clear and well reasoned opinion, Chief Judge Parker of that court directed that an order be issued to the effect that appellant be released from the service unless accorded rank and grade as provided by the statute. Pursuant to this decision the plaintiff was discharged from the armed services on May 14, 1954. He claims the pay and allowances of a captain for the period between the enactment of the 1953 act and the date of his final discharge. He also asks for an additional $100 per month payable under certain specified conditions to commissioned officers who serve under the Doctors Draft Act, and also for reimbursement of his travel expenses.

■ It is perfectly clear, not only under the specific terms of the Act of June 29, 1953, but also by the explanations contained in the reports of the House and Senate armed services committees and from remarks made on the floor of Congress by members of those committees, that the act was intended to be and was a mandatory direction to the Armed Forces to grant a commission to any physician or dentist who was serving or might be inducted under the so-called Doctors Draft Act. These provisions, as well as the reports of the committees, are set out in detail in the opinion of the case of Nelson v. Peckham, supra, and will not be repeated in detail here. We quote from the House Report the following language:

"* * * Under the proposed amendment, any member of a Reserve component who has been or will be ordered to active duty before July 15, 1955, as a physician, dentist, or in an allied specialist category, *shall be appointed, reappointed, or promoted to such grade or rank as may be commensurate with his professional education, experience or ability."* (Italics supplied.)

Very similar language was contained in the Senate Report.

■ Plaintiff is, of course, not entitled to any additional pay during the period of his service prior to the enactment of the mandatory law of June 29, 1953. He apparently is not claiming for that particular period. It also goes without saying that none of the officials of the Armed Forces are to be criticized for declining to commission plaintiff if they were convinced that he had previous communistic affiliations of such a nature as to make his services undesirable.

But certainly it was not proper to refuse to issue him a commission and at the same time *insist* upon keeping him in the armed services and require him to do exactly the same work that he would have done had he been commissioned. Upon just what basis the officials felt that they could refuse to carry out the plain wording of the Act of June 29, 1953, and at the same time retain all of the services that would have been available to them had they complied with the act *does not appear from the record.*

There can be no doubt as to the meaning of the law. We can only believe that the responsible officials must have overlooked the law, as we cannot believe that any responsible official would refuse to comply with the manifest provisions of the law. It must have been an oversight for it seems to us that any reasonable creature in being whose mind was not in a state of dover who had read the mandatory provisions of the law and the House and Senate Reports and the comments on the floor of the Congress would inevitably reach the conclusion that if plaintiff's services were to be continued after the passage of the Act of June 29, 1953, a commission would be required if the provisions of the law were complied with. Having retained his services in the circumstances there is an implied obligation that the plaintiff should re-

ceive compensation for his services in the manner that the law stipulated.

 We do not think, however, that plaintiff is entitled to the additional $100 per month special pay, since section 5 of the act under which plaintiff was inducted, stipulated that no person inducted under that act should be entitled to the benefits of section 203 of Public Law 351, 81st Congress (63 Stat. 802, 809), 37 U.S.C.A. § 234, that section being the one which provided for the $100 special pay.

 Plaintiff, having rendered the services, is entitled to receive the regular pay and allowances as captain for the period from June 29, 1953, to May 14, 1954, less the pay which he has already received for his services during that period.

Defendant's counsel advises that the Department of the Army is of the opinion that plaintiff is entitled to transportation in kind from Fort Lee, Virginia, to the State of Washington, and that plaintiff, at the defendant's suggestion, submitted a claim to the General Accounting Office for reimbursement of his travel expenses. Defendant requests that action on this one item of the claim be deferred until such time as the General Accounting Office determines the claim. Apparently the plaintiff makes no objections to this deferred action on the one item, and final action thereon will be deferred pending the General Accounting Office determination.

It appearing from the record that plaintiff had had six years' experience in his profession, there is no doubt that under the terms of the law he would have been commissioned as a captain had such commission been issued.[1]

The defendant's motion to dismiss plaintiff's petition is denied and the plaintiff's motion for summary judgment is granted. Plaintiff is entitled to recover on the basis and for the period set out above. The determination of this amount will be made pursuant to Rule 38(c), 28 U.S.C.A.

Entry of the judgment as to the amount due will be suspended pending the outcome of the proceedings now in the General Accounting Office with respect to plaintiff's transportation claim.

It is so ordered.

FAHY, Circuit Judge, sitting by designation, and MADDEN, WHITAKER, and LITTLETON, Judges, concur.

---

1. The regulations prescribed the rank of captain for any doctor or dentist who had as much as four years' experience.