**UNITED STATES of America,**
**Plaintiff,**

v.

**Richard Harold HANSEN, Defendant.**

**Crim. No. 3762.**

United States District Court
D. Montana,
Butte Division.

Feb. 7, 1958.

Krest Cyr, U. S. Atty., and Michael J. O'Connell, Asst. U. S. Atty., Butte, Mont., for plaintiff.

Earle N. Genzberger, Butte, Mont., for defendant.

MURRAY, Chief Judge.

Defendant was charged with a violation of the Universal Military Training and Service Act (Title 50 U.S.C.A.Appendix, § 451 et seq.) by an indictment which so far as is material here reads as follows:

"Richard Harold Hansen, a male person subject to the Universal Military Training and Service Act * * was classified 1–AO, and was notified of said classification; and a notice and order * * * was duly given him to report for induction into the Armed Forces of the United States of America on January 31, 1957, * * * and on the 1st day of February, 1957, at Butte, in the State and District of Montana, said Richard Harold Hansen did knowingly fail, neglect and refuse to perform a duty required of him under said Universal Military Training and Service Act and the regulations promulgated thereunder, in that the said Richard Harold Hansen then and there knowingly failed, neglected and refused to be inducted into the Armed Forces of the United States of America, as so notified and ordered to do."

Defendant moved to dismiss said indictment on the ground that it did not state an offense against the United States because on its face the indictment show-

ed that defendant had been classified 1–A–O by his local board and that as a result of such classification he was exempt from the duty of being inducted into the armed forces of the United States by the provisions of Title 50 U.S.C.A.Appendix, § 456(j), which reads as follows:

"(j) Nothing contained in this title (Sections 451–454 and 455–471 of this Appendix) shall be construed to require any person to be subject to combatant training and service in the armed forces of the United States who, by reason of religious training and belief, is conscientiously opposed to participation in war in any form. * * * Any person claiming exemption from combatant training and service because of such conscientious objections whose claim is sustained by the local board shall, if he is inducted into the armed forces under this title (said sections), be assigned to noncombatant service as defined by the President * * *."

Defendant's position in other words is that there is a difference between "induction into the armed forces of the United States" and "induction into the armed forces of the United States for assignment to noncombatant service", and that having classified defendant in class 1–A–O, the local board was without authority to order him to report for induction into the armed forces of the United States, without limiting the induction to induction for assignment to noncombatant service only.

If defendant's position is correct, the indictment must be dismissed because no offense results from the disobedience by the defendant of an invalid order of the local board.

As appears from the indictment, the defendant was classified in class 1–A–O. No question is presented, and indeed no question could be presented at this stage of the proceedings, as to the validity of his classification. Section 1622.11, Selective Service Regulations, defines class 1–A–O as follows:

"1622.11 Class 1–A–O: Conscientious Objector Available for Non-combatant Military Service Only.— (a) In Class 1–A–O shall be placed every registrant who would have been classified in Class 1–A but for the fact that he has been found, by reason of religious training and belief, to be conscientiously opposed to combatant training and service in the armed forces."

This section of the Selective Service Regulations brings a person classified 1–A–O by his local board within that provision of Title 50 U.S.C.A.Appendix, § 456 (j) above quoted reading as follows:

"Any person claiming exemption from combatant training and service because of such conscientious objections whose claim is sustained by the local board shall, if he is inducted into the armed forces under this title [said sections], be assigned to noncombatant service as defined by the President."

Thus under both the Selective Service Regulations and the statute itself, the defendant by virtue of his class 1–A–O classification was available for induction for noncombatant military service only.

Noncombatant training and noncombatant service are defined by Executive Order No. 10028, 50 U.S.C.A.Appendix, § 456 note as follows:

"(1) The term 'noncombatant service' shall mean (a) service in any unit of the armed forces which is unarmed at all times; (b) service in the medical department of any of the armed forces, wherever performed; or (c) any other assignment the primary function of which does not require the use of arms in combat; provided that such other assignment is acceptable to the individual concerned and does not require him to bear arms or to be trained in their use.

"(2) The term 'noncombatant training' shall mean any training which is not concerned with the study, use, or handling of arms or weapons."

Turning again to the indictment we find it is charged that defendant was du-

ly ordered to report for induction into the armed forces of the United States and that defendant did knowingly fail, neglect and refuse to perform a duty required of him under the act in that he knowingly failed, neglected and refused to be inducted into the armed forces of the United States.

It seems to the Court that "induction into the armed forces of the United States" means something different than "induction into the armed forces of the United States for assignment to noncombatant service only". This belief is borne out by the provision found at the beginning of the 6th paragraph of subsection (a), Section 454, Title 50 U.S.C. A.Appendix, which reads:

"Every person inducted into the Armed Forces pursuant to the authority of this subsection [1] after the date of enactment of the 1951 Amendments to the Universal Military Training and Service Act (June 19, 1951) shall, following his induction, be given full and adequate military training for service in the armed force into which he is inducted for a period of not less than four months * * *."

This language furnishes a definition of the meaning of the phrase "induction into the armed forces of the United States"; it is a direction by Congress that any person entering the armed forces upon an unqualified induction is to be given full and adequate military training for service in the armed force into which he is inducted, for a period of not less than four months. Certainly full and adequate military training for service in the Army, Navy, Marine Corps, Air Force or Coast Guard cannot be achieved through "training which is not concerned with the study, use, or handling of arms and weapons".

The provision above quoted from subsection (a) of Section 454 was added to the Universal Military Training and Service Act by the 1951 amendments to the Act. The legislative history of the 1951 amendments further illustrates the Congressional intent that inductees into the armed forces under unqualified inductions be given full and adequate military training.

House Report No. 271 of March 15, 1951, on the 1951 Amendments to the Universal Military Training and Service Act, which repeats in substance the Senate Report on the 1951 amendments (Senate Report No. 117, February 21, 1951) contains the following statement:

"Under the House bill, each person inducted into the Armed Forces must be given military training for a period of not less than 4 months. It should be noted that this applies not only to men under 19, but to all persons inducted. The proposed section requires 4 months of military training; and this does not include time spent in travel to a training camp or station." U.S.Code Cong. Service 1951, p. 1483.

In the section by section analysis of the 1951 amendments, contained in the House Report, the following statement is made:

"The present Selective Service Act requires that individuals inducted into the Armed Forces shall be assigned to stations and units of such forces. The proposed addition to the present law requires that every person inducted into the Armed Forces be given full and adequate military training for a period of not less than 4 months. In addition, the proposed section prevents any person inducted into the Armed Forces from being sent into a combat area located on

---

1. Subsection (a) of Section 454 is the subsection of the Act which provides for the induction of persons into the Armed Forces. Thus any person inducted into the Armed Forces is inducted under the authority of said subsection. Section 456(j) of the Act above quoted does not itself provide the authority for the induction of conscientious objectors into the Armed Forces, but provides merely that *if* they are inducted, they shall be assigned to noncombatant service.

land for the first 6 months following his induction into the Armed Forces. During the 4 months' training period persons inducted may not be assigned for duty on land outside the United States, its Territories and possessions (including the Canal Zone)." U.S.Code Cong.Service 1951, p. 1493.

The Court has found only a few cases which deal with this question. In Shaddy v. United States, 10 Cir., 139 F.2d 754, 755, Shaddy appealed from a conviction for a violation of the Selective Training and Service Act of 1940. Shaddy, classified as 1–A–O, refused to report for induction. At the trial it was stipulated between the United States Attorney and counsel for Shaddy that Shaddy was ordered to report for induction into the armed forces of the United States for noncombatant service. However, the order to report for induction was introduced in evidence and showed that the stipulation was erroneous in that Shaddy was ordered to report for induction into the Armed Forces of the United States for training and service in the army. On appeal, counsel for Shaddy, for the first time, claimed that there was a variance between the allegations of the indictment and the proof and with respect to this point the Court said:

"The contention is based upon the erroneous recital in the stipulation. The order of the local board directed Shaddy to report for induction into the army. It is true that a registrant classified as 1–A–O is subject to noncombatant service only. Nevertheless, such a registrant is subject to induction * * * to a noncombatant division, such as, for example, the Medical Corps. 32 CFR 1940 Supp., § 603.364. There was no variance between the allegations of the indictment and the proof."

The Shaddy case, however, is distinguishable from the present case in that the Selective Training and Service Act of 1940, under which Shaddy was prosecuted, did not contain the provision requiring that persons inducted into the Armed Forces be given full and adequate military training, which was inserted by the 1951 amendments to the Universal Military Training and Service Act.

Another case dealing with the question involved here is United States ex rel. Weidman v. Sweeney, D.C., 117 F.Supp. 739. In that case Weidman, classified as 1–A–O, was inducted into the Marine Corps, which has no noncombatant unit and no medical corps. Weidman performed various services in the Marine Corps, but finally departed from his station and was charged with desertion, and while awaiting military trial on the charge of desertion sought a writ of habeas corpus. The Court granted the writ and ordered Weidman discharged, holding that in effect his induction was invalid from the beginning because the Marine Corps, into which he was inducted, had no noncombatant units, no medical corps and that such other assignment as the Marine Corps proposed to give him had not been found acceptable to him prior to his induction, as required by clause (c) of the definition of noncombatant service above quoted.

Upon somewhat similar facts, the Court in La Rose v. Young, D.C., 139 F. Supp. 516, reached a different conclusion than did the Court in United States ex rel. Weidman v. Sweeney, supra. However, it appears from the second paragraph of the opinion in the La Rose case that La Rose "was inducted into the Army as a conscientious objector available for noncombatant military service only", although the specific induction order had no bearing on the Court's decision. It is, clear, however, that if the indictment in the case at bar charged that Hansen "refused to obey an order of induction into the armed forces as a conscientious objector available for noncombatant service only", the problem with which the Court is here concerned would not exist.

The Court is aware of the two opinions of the Court of Appeals for the Ninth Circuit in Hopper v. United States, 142 F.2d 167 and 142 F.2d 181. While the first Hopper opinion in that portion thereof covered by headnotes 1 and 2

could be considered authority for the view this Court takes of the case at bar, that opinion was wiped out by the second opinion of the Court en banc in the Hopper case. However, the grounds upon which the first Hopper opinion, in the portion thereof covered by headnotes 1 and 2, held the indictment invalid were not raised by Hopper in either the trial or appellate court, and the second Hopper opinion limited its consideration of the sufficiency of the indictment to those grounds specified in the trial and appellate courts, and the problem with which the Court is here faced was not considered in the second Hopper opinion.

The Court is likewise aware of the line of authority represented by Seele v. United States, 8 Cir., 133 F.2d 1015, and United States v. Ryals, D.C., 56 F.Supp. 772, cited by the government, to the effect that an indictment founded on a statute need not negative the matter of an exception made by a proviso or other distinct section of the statute. The problem here involves something more than an exception, however. Here, the indictment, by the allegation that defendant was classified 1–A–O by his local board, affirmatively shows that defendant, under both the law and the Selective Service Regulations, was under the duty of submitting to induction into the armed forces for noncombatant service only. Then the indictment charges the defendant with failing to perform an entirely different duty, and one which under the law he did not owe, by refusing to submit to induction into the armed forces, which as previously pointed out, under the Universal Military Training and Service Act requires at least four months of adequate military training for service in the armed forces into which he was inducted.

It seems the situation here is in effect the same as it would be in a case where a defendant, after having been found to be physically unfit for any service and placed in Class IV–F by his local board, was ordered by the local board to report for induction and refused to obey the order. Certainly an indictment alleging such facts would not state an offense un-

der the Universal Military Training and Service Act, because the board would be without authority to order the induction of a person classified IV–F.

For the foregoing reasons, it is ordered and this does order that the motion to dismiss the indictment is granted, and said indictment is hereby ordered dismissed.