No. 21308.

Jerry Arthur Woods, *v.*
The People of the State of Colorado.
(397 P.2d 871)

Decided December 28, 1964

Bruce Ownbey, for plaintiff in error.

Duke W. Dunbar, Attorney General, Frank E. Hickey, Deputy, Jon P. Moore, Assistant, for defendant in error.

*En Banc.*

Mr. Justice Frantz delivered the opinion of the Court.

Woods was charged in an information with "wilfully, knowingly and unlawfully" selling at retail, serving and distributing "a quantity of malt liquor as defined by the Colorado Revised Statutes, 1953, 75-2-4, namely twenty-four bottles of Coors beer to Richard Earl Erickson and to diverse other persons, to the complainant herein unknown, without being licensed so to do by the State of Colorado in violation of C.R.S. 1953 75-2-3 . . ." Section 75-2-4 has to do with malt liquor of more than 3.2% alcohol by weight. To the charge, Woods pled not guilty.

At the trial, there was testimony of a transaction between Woods and Erickson involving "four six-packs" of Coors beer. This was the only testimony relating to the subject of the transaction. The evidence is mute regarding the alcoholic content of this beer.

Motions to dismiss for lack of proof, filed at the conclusion of the People's case and at the conclusion of the defense, were denied. Failure of proof of the offense charged is now urged by writ of error as ground for reversal.

Our General Assembly treated, as a separate subject of regulation, fermented malt beverages having 3.2% or less of alcohol by weight. C.R.S. '53, 75-1. Malt liquor containing "more than three and two-tenths per cent

alcohol by weight" was regulated in another and distinctive manner. C.R.S. '53, 75-2. The General Assembly thus legislatively recognized two kinds of malt drinks, dealt with them separately and differently, and made it clear that they are cognate but disjoined subjects of legislation. *Big Top, Inc., v. Schooley,* 149 Colo. 116, 368 P.2d 201.

The evidence in this case merely showed that the liquor involved was beer. It failed to disclose, however, on which side of the 3.2% of alcohol, by weight, it was. The court should not assume an alcoholic content under such circumstances which would place Woods in violation of C.R.S. '53, 75-2. *DuVall v. Augusta,* 115 Ga. 813, 42 S.E. 265.

"The burden was on the State to show" that the beer contained "more than 3.2 per cent alcohol by [weight], as was alleged in the information . . ." *Crosby v. State,* 97 Okl. Crim. 46, 257 P.2d 847. "Where the statute makes the character of beverages sold the substance of the offense, such character must be proved by the state." *State v. Patton,* 297 S.W.2d 19 (Mo. App.). In the Patton case the court considered statutes which had "divided malt beverages into three classifications."

In his brief the Attorney General has conceded that the evidence is fatally deficient in that it fails to make any showing of the alcoholic content of the beer involved. Our perusal of the record in this case reveals the propriety of this concession.

The judgment is reversed with directions to dismiss.