**Gloria DiMANNA, d/b/a Geno's Liquors, Plaintiff-Appellee,**

v.

**John B. KALBIN, Director of Excise and License, City and County of Denver, Defendant-Appellant.**

**No. 81CA0449.**

Colorado Court of Appeals, Div. III.

Jan. 14, 1982.

Rehearing Denied Feb. 11, 1982.

Certiorari Denied May 24, 1982.

Theodore A. Borrillo, Denver, for plaintiff-appellee.

Max P. Zall, City Atty., Lee G. Rallis, John R. Palermo, Asst. City Attys., Denver, for defendant-appellant.

TURSI, Judge.

Defendant, John B. Kalbin, appeals the trial court's reversal of his decision to suspend the liquor store license of plaintiff, Gloria DiManna, for the sale of an intoxicating liquor to a minor. We reverse.

At the hearing in July 1980, a minor testified that she had bought a bottle of T.J. Swan Wine in DiManna's liquor store. After paying for the wine she saw police officers approaching, placed the bottle back on the counter, and asked the clerk to put the wine away saying she would return for it later.

The two police officers testified that they observed from their car what appeared to be the sale of wine to the minor. The officers, however, did not seize the bottle of wine because it had been placed back on the shelf by an employee of DiManna and comingled with other bottles of wine.

The sales clerk on duty at DiManna's store testified that she had asked the minor for identification and when the minor was unable to produce it, she refused to sell her the wine. Two other individuals in the store at the time of the incident also testified that no sale had taken place. DiManna introduced into evidence the cash register tape from the day of the sale which disclosed that no sale in the amount that was usually charged for T.J. Swan Wine had been rung up in the register.

Kalbin found that the issue in the case rested entirely upon the credibility of the witnesses, and in reviewing the testimony and exhibits, he concluded that the evidence sustained the allegation of sale to a minor. He therefore suspended DiManna's retail package liquor license for a period of 20 days with 15 of those days held in abeyance.

After a hearing held pursuant to C.R.C.P. 106(a)(4), the trial court ruled that Kalbin had authority to hold the administrative hearings, but that the findings that DiManna had sold malt, spiritous, or vinous liquor to a person under 21 years was not based upon sufficient evidence. The court further found that Kalbin did not otherwise act arbitrarily or capriciously. It therefore reversed Kalbin's decision suspending DiManna's license.

The two issues confronting us on review are (1) whether there was substantial evidence of a sale, and (2) whether there was substantial evidence that the subject of that sale was a malt, vinous, or spiritous liquor.

■ Concerning the issue of whether a sale had taken place, our review of the record shows sufficient evidence to sustain Kalbin's conclusion. Even though the testimony was often contradictory and confusing, the question of weighing the credibility of witnesses lies with the local liquor licensing authority and not with a reviewing court. Goldy v. Henry, 166 Colo. 401, 443 P.2d 994 (1968).

■ In review of liquor license suspension proceedings neither this court nor any other court may substitute its judgment for that of the local licensing authority when there is any evidence in the record that supports its conclusion. Canjar v. Huerta, 193 Colo. 388, 566 P.2d 1071 (1977); Continental Liquor Co. v. Kalbin, 43 Colo.App. 438, 608 P.2d 353 (1979). Even though we and the trial court may have found differently, we will not upset the decision of the local licensing authority unless the decision is based upon evidence from which reasonable persons, "fairly and honestly considering the evidence, could only reach a conclusion contrary to that reached by the Board." Webster v. Board of County Commissioners, 539 P.2d 511 (Colo.App.1975) (not selected for official publication).

■ DiManna asserts that there was no adequate or substantial evidence to establish that a malt, vinous, or spiritous liquor was sold because no evidence was presented to prove that the bottle in question contained wine. In support of this assertion she cites Woods v. People, 156 Colo. 212, 397 P.2d 871 (1964), and several cases from other jurisdictions which involved criminal prosecutions for various violations of the

liquor laws. However, a distinction exists between suspension and revocation proceedings before a licensing authority which are administrative in nature, in which the substantial evidence test is applied, and criminal proceedings in which the standard of proof is beyond a reasonable doubt. *Kearns v. Aragon*, 65 N.M. 119, 333 P.2d 607 (1959).

The evidence at the hearing included testimony by the minor that she had bought a bottle of T.J. Swan Wine, and both the store owner and store clerk testified that bottles labeled T.J. Swan Wine contain vinous or spiritous liquor and that such wine was available for sale in the store. We find this testimony to be sufficient to sustain Kalbin's finding that the sale was of a vinous or spiritous liquor.

The judgment of the trial court is reversed and the cause is remanded with instructions to reinstate the suspension of DiManna's license.

STERNBERG and KIRSHBAUM, JJ., concur.