**LEVIN v. GILLESPIE.**
No. 33574.

United States District Court
N. D. California, S. D.

June 3, 1954.

Gladstein, Andersen & Leonard, San Francisco, Cal., for plaintiff.

Lloyd H. Burke, U. S. Atty., Charles Elmer Collett, Asst. U. S. Atty., O. G. Cook, San Francisco, Cal., Judge Advocate Section, 6th Army, for defendant.

HARRIS, District Judge.

The plaintiff, Dr. Levin, has filed a complaint for injunctive relief directed against defendant, Brigadier General James O. Gillespie, Commander, Letterman Army Hospital. This follows in the wake of an order and decree of Chief Judge Michael Roche which provides, in part:

"In a case similar to this one involving a writ of habeas corpus, Nelson v. Peckham, 4 Cir., 210 F.2d 574, the Circuit Court directed the District Court to order that appellant be released from service unless accorded rank or grade as provided by the statute.

"In accordance with this decision, and the directions contained therein, and after fully considering all the files and records in said proceeding, and good cause appearing it is by the Court

"Ordered that petitioner herein be discharged from service unless accorded the rank or grade as provided by 67 Stat. 86, 50 U.S.C.Appendix, § 454a.

"It is further ordered that respondent's motion to set aside the submission of the writ of habeas corpus herein on the suggestion that said writ is moot is denied." 121 F.Supp. 239.

The plaintiff argues that he is entitled to his immediate discharge and that the only regulations applicable are those which require the Commander to "take the action necessary to effect the discharge" promptly. A.R. 615–365, par. 5.

The defendant asserts that the Secretary of the Army must exercise the sole prerogative of entering the discharge of Dr. Levin. He further claims that the files and proceedings have now been sent to the Secretary of the Army and there is nothing upon which the injunctive

process might effectively operate insofar as Brigadier General Gillespie is concerned.

The record demonstrates, and it is conceded by defendant, that the Army intends to discharge Dr. Levin under conditions other than honorable.

The plaintiff, Dr. Levin, on November 10, 1952, in seeking a commission in the United States Medical Army Reserve, completed the lengthy form required of all applicants for commission. Included in such form is a "Loyalty Certificate for Personnel of the Armed Forces." DD 98. Such certificate sets forth in its instructions the following alternative for applicants for commission:

"If Federal Constitutional privileges against self-incrimination; i. e., the making of a statement which will expose you to criminal trial, is claimed about all or any part of any conduct, membership or association in question, you may so claim by stating in the space indicated 'Federal Constitutional priviledge is claimed' or 'Federal Constitutional privilege is claimed as to * * *' describing the specific part of any conduct, membership or association about which claim is made."

In accordance with this alternative, Dr. Levin asserted his constitutional privilege by stating:

"As granted by the Fifth Amendment of the Federal Constitution, I, the undersigned, refuse to answer any of the above questions."

It is the doctor's refusal to complete the loyalty certificate in a detailed manner which has given rise to the Army's determination to grant plaintiff an undesirable discharge; this, despite the fact that when plaintiff was inducted into the Army on December 8, 1952, the Army knew that he had exercised his constitutional privilege.

The sole problem involved reduces itself to comparative simplicity: Dr. Levin having resorted to a privilege which he regarded as applicable under the rules and regulations of induction, and which is secured by the Fifth Amendment, is now confronted with a discharge other than honorable.

As this Court reads the regulations there is no discretion vested in the Army authorities other than to grant an honorable discharge or a general discharge under honorable conditions. A.R. 615–365, par. 7; A.R. 615–360–1.

There has been no finding regarding the plaintiff that would justify a conclusion that he had engaged in subversive activities or otherwise had engaged in conduct inimical to the welfare of the United States of America. Throughout the entire period of his active service in the United States Army, the character of the service rendered by plaintiff to the Army has been excellent; during said period plaintiff has had character ratings of at least "very good," has had efficiency ratings of at least "excellent" ; has never been charged with any offense triable by and has never been tried by or convicted by a general or a special court martial.

In finality, defendant's position is set forth in its final memorandum wherein defendant states:

"The Secretary of the Army is entitled to consider plaintiff's exercise of his Federal Constitutional privilege as a confession of guilt of subversive associations or activities."

In Spector v. United States, 193 F.2d 1002, 1006, our Circuit has held that no inferences unfavorable in character may be drawn from resorting to a constitutional privilege as in the case at bar.

"The privilege is for the innocent as well as the guilty and no inference can be drawn against the person claiming it that he fears that he is 'engaged in doing something forbidden by federal law.' The subject is fully discussed in VIII Wigmore, § 2251 wherein he summarizes in the statement, 'The truth is that the privilege exists for the sake of the innocent—or at least for reasons ir-

728

respective of the guilt of the accused.' "

In the opinion of this Court the injunction sought as against Brigadier General Gillespie is proper. Work v. United States ex rel. Rives, 267 U.S. 175, 45 S.Ct. 252, 69 L.Ed. 561. Defendant's contention that the plaintiff must appear in the District of Columbia and seek his redress against the Secretary of the Army in my opinion is unrealistic and contrary to orderly procedure as I view it. Williams v. Fanning, 332 U.S. 490, 68 S.Ct. 188, 92 L.Ed. 95.

Accordingly, the injunction may issue as prayed. Findings shall be prepared in accordance with the opinion, as well as the proposed form of injunction.