Robert ST. HELEN, Movant,

v.

Lt. Gen. W. C. WYMAN, Maj. Gen. Edwin K. Wright, and Col. Jacob H. Bloss, Respondents.

No. 14619.

United States Court of Appeals
Ninth Circuit.

April 13, 1955.

Rehearing Denied May 16, 1955.

Lloyd H. Burke, U. S. Atty., Charles Elmer Collett, Asst. U. S. Atty., San Francisco, Cal., for appellant.

McMurray, Brotsky, Bancroft & Tepper, Allan Brotsky, Siegfried Hesse, San Francisco, Cal., for appellee.

Before DENMAN, Chief Judge, and BONE, Circuit Judge.

DENMAN, Chief Judge.

St. Helen moves to dismiss respondents' appeal from the district court's order to cancel a certificate of undesirable discharge given him by the army.

On October 29, 1954, the district court issued an order restraining the discharge of St. Helen to preserve the status quo in order that the court might have a hearing to determine the merits of St. Helen's action for injunction and declaratory relief and application for preliminary injunction to prevent the giving of such a certificate. On October 29th the restraining order was violated when St. Helen was given the certificate. On December 15, 1954 the district court ordered respondents to cancel the certificate of undesirable discharge within five days and ordered that if respondents failed so to act the certificate of discharge would be deemed null and void.

The issue is whether there is any appealable order before us. We think not. Neither the restraining order nor the order cancelling the certificate is a final order within the meaning of 28 U.S.C. § 1291.[1] Each of the orders was a

1. § 1291. Final decisions of district courts
"The courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States, the District Court for the Territory of Alaska, the United States District Court for the District of the Canal Zone, the District Court of Guam, and

preliminary order to preserve the status quo prior to the issuance of the certificate of discharge until the district court could hold a hearing. "So long as the matter remains open, unfinished or inconclusive, there may be no intrusion by appeal." Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, at page 546, 69 S.Ct. 1221, at page 1225, 93 L.Ed. 1528.

 Certain interlocutory orders are also made appealable by special provision of 28 U.S.C. § 1292.[2] The orders here involved do not come close to any there specified unless they are deemed to be injunctions. Although a temporary restraining order becomes an injunction if a hearing is called after a substantial time has elapsed (evidently 20 days),[3] the temporary restraining order was frustrated immediately after its issuance by the giving of an undesirable discharge certificate to St. Helen. The order of the district court cancelling the certificate was stayed by order of this court on December 27, 1954. The running of the period during which a temporary restraining order can remain in force without becoming a temporary injunction was tolled by the violation of the restraining order and by this court's order staying the second order of the district court.

By dismissing the appeal this court will be able, in short order, to consider the case after the district court has had an opportunity to determine the issue involved. The district court should immediately conduct its hearing. If it then enjoins the respondents, an appeal would be in order.

The appeal is ordered dismissed.

---

the District Court of the Virgin Islands, except where a direct review may be had in the Supreme Court."

2. § 1292. Interlocutory decisions
"The courts of appeals shall have jurisdiction of appeals from:
"(1) Interlocutory orders of the district courts of the United States, the District Court for the Territory of Alaska, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, or of the judges thereof, granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court;

"(2) Interlocutory orders appointing receivers, or refusing orders to wind up receiverships or to take steps to accomplish the purposes thereof, such as directing sales or other disposals of property;
"(3) Interlocutory decrees of such district courts or the judges thereof determining the rights and liabilities of the parties to admiralty cases in which appeals from final decrees are allowed;
"(4) Judgments in civil actions for patent infringement which are final except for accounting."

3. Fed.Rules Civ.Proc., rule 65(b), 28 U.S.C.; Sims v. Greene, 3 Cir., 160 F.2d 512.