Roger ST. HELEN, Plaintiff,

v.

Lt. Gen. W. C. WYMAN, Maj. Gen. Edwin K. Wright, and Col. Jacob H. Bloss, Defendants.

Civ. No. 34160.

United States District Court
N. D. California, S. D.

April 3, 1956.

**546**

McMurray, Brotsky, Walker, Bancroft & Tepper, Allan Brotsky, San Francisco, Cal., for plaintiff.

Lloyd H. Burke, U. S. Atty., Charles Elmer Collett, Asst. U. S. Atty., San Francisco, Cal., O. G. Cook, Atty., Judge Advocate Section, Sixth Army, San Francisco, Cal., for defendants.

OLIVER J. CARTER, District Judge.

On October 29, 1954, plaintiff applied to this Court for a temporary restraining order in an attempt to restrain the defendants from discharging plaintiff from the United States Army except with a certificate of honorable discharge or general discharge under honorable conditions.

At the time of plaintiff's induction into the Army, on July 29, 1953, plaintiff failed to complete and sign certain forms constituting a loyalty certificate for armed forces personnel, claiming his federal constitutional privilege against self-incrimination. During the summer of 1954 the Army conducted an inquiry into plaintiff's loyalty, which culminated in a decision to eliminate plaintiff from the Army with an undesirable discharge.

Plaintiff alleged that his Army record was faultless; that the decision to give him an undesirable discharge was based solely on his failure to complete the loyalty certificate and on his conduct, activities, thoughts and associations as a civilian before he was inducted into the Army; and that the regulations which purport to authorize the action so taken are unconsitutional as applied to plaintiff in that they deprive him of property without due process of law.

On October 29, 1954, this Court issued an order temporarily restraining the defendants from discharging plaintiff from the Army except with a certificate of honorable discharge or general discharge under honorable conditions. After the order was issued, but before service on the discharging officer, plaintiff was formally discharged from the Army with an undesirable discharge. On December 15, 1954, this Court issued an order which attempted, in effect, to restore the status quo so that there could be an orderly determination of the issues raised by plaintiff's action. The defendants appealed from the last-mentioned order, but the Court of Appeals held that it was not an appealable order. St. Helen v. Wyman, 9 Cir., April 13, 1955, 222 F. 2d 890. The defendants have answered the complaint and now move this Court to dismiss.

Evidence has been taken as to the events of the day plaintiff was discharged from the Army, and it is the conclusion of this Court that the Army representatives in San Francisco tried in good faith to bring the restraining order to the attention of the defendants, who were then at Fort Ord, but plaintiff was in fact discharged before the proper parties had notice of the restraining order issued by this Court on that day. Therefore there was no violation of the restraining order.

This Court must also examine the effect of its order of December 15, 1954, which represented an attempt to restore the status quo. The defendants challenge the jurisdiction of this Court on various grounds, and thereby challenge the effectiveness of this Court's order of December 15, 1954. Defendants contend that plaintiff has failed to join an indispensable party, the Secretary of the Army; because that point is well taken, it will not be necessary for this Court to consider defendants' other contentions.

The leading case on this subject is Williams v. Fanning, 332 U.S. 490, 68 S.Ct. 188, 92 L.Ed. 95, which set forth the rule that the superior officer is an indispensable party if a decree granting the relief sought would require him to take action, either by exercising directly a power lodged in him or by having a subordinate exercise it for him. In Williams v. Fanning the Court indicates that the absent superior is not an indispensable party if the relief sought will operate merely to restrain a course of conduct or threatened act by the subordinate; but that is not the situation in the case at bar. Here the plaintiff has been

discharged from the Army, and a restoration of plaintiff's former status would not be accomplished by restraining the defendants from any continuing or threatened actions. To grant the relief sought it would be necessary to frame an order requiring affirmative action by the defendants. The problem was considered at some length in Marshall v. Wyman, D.C.N.D.Cal., 132 F.Supp. 169, and the issue was decided adversely to the plaintiff. See also Harmon v. Brucker, D.C., 137 F.Supp. 475. Levin v. Gillespie, D.C.N.D.Cal., 121 F.Supp. 726, cited by the plaintiff, is distinguishable from the Marshall case and the case at bar in that the plaintiff Levin had not been discharged from the Army at the time the injunction was issued that restrained his discharge. Thus in the Levin case the injunction operated to restrain the defendants from carrying through a threatened action; in Marshall v. Wyman and in the case at bar, on the other hand, affirmative acts of the defendants would be required to restore the plaintiffs to their former status. Here, as in Marshall v. Wyman, plaintiff's discharge was ordered by the Secretary of the Army. An analogous case which supports the position taken here and in the Marshall case is Daggs v. Klein, 9 Cir., 169 F. 2d 174, in which civilian employees of the Navy were discharged by order of the Secretary of the Navy, and it was held that the Secretary was an indispensable party in their suit for reinstatement. Parker v. Lester, D.C.N.D.Cal., 98 F.Supp. 300, does not aid the plaintiff because the Court specifically pointed out that the relief there sought did not require affirmative acts by the defendants or their Commandant, and Daggs v. Klein, supra, was distinguished on that ground. The Court said at page 307:

> "The injunctive relief sought in the present action is purely negative in character. In brief, petitioners pray that the named respondents be forbidden to interfere with their job opportunities. This calls for no act, either direct or indirect, on the part of the Commandant."

Therefore it is the opinion and conclusion of this Court that the plaintiff has failed to join an indispensable party, the Secretary of the Army, and that this Court's order of December 15, 1954, was ineffective because this Court lacks jurisdiction to grant the relief sought. No opinion is expressed as to the defendants' contentions that this Court lacks jurisdiction of the subject matter of the suit; that plaintiff has failed to exhaust administrative remedies available to him; or that to grant the relief sought would interfere with legitimate military matters.

It Is Ordered that the plaintiff's action be and the same is hereby dismissed.

It Is Further Ordered that the Temporary Restraining Order heretofore issued on October 29, 1954, and the Order Restoring the Status Quo heretofore issued on December 15, 1954, are, and each of them is hereby discharged.