**Lester W. McKENZIE, Plaintiff,**

v.

**Captain R. C. KIRKPATRICK, Jr., Commanding Officer, Squadron VR–5, Naval Air Station, Moffett Field, and the Acting Commanding Officer of Squadron VR–5, Naval Air Station, Moffett Field, Defendants.**

**No. 35301.**

United States District Court
N. D. California, S. D.
May 14, 1956.

William J. Scammon, Burlingame, Cal., for plaintiff.

3. Now Immigration and Nationality Act, § 355, 8 U.S.C.A. § 1487.

Lloyd H. Burke, U. S. Atty., Charles Elmer Collett, Asst. U. S. Atty., San Francisco, Cal., for defendants.

ROCHE, Chief Judge.

This is an action for an injunction and declaratory relief. Jurisdiction is based upon 28 U.S.C.A. §§ 1331, 1346, and 2201.

Plaintiff alleges in his complaint that he is an aviation machinist chief in the Navy of the United States, attached to Squadron VR–5, located at Naval Air Station, Moffett Field, County of Santa Clara, State of California; that Captain R. C. Kirkpatrick and the other defendants are the commanding officers of Squadron VR–5; that the defendants, or persons acting under their control and orders, convened a Board of Officers on or about March 2, 1956, for the purpose of recommending that plaintiff be discharged on March 7, 1956, the termination date of his current enlistment, with the specific recommendation that plaintiff not be recommended for re-enlistment; that said Board of Officers was convened and recommended at defendants' insistence that plaintiff be discharged without recommendation for re-enlistment. Plaintiff alleges that said hearing was illegal and unconstitutional in that it was an unreasonable and capricious exercise of its discretionary powers not to recommend plaintiff for re-enlistment. There follow details of the adverse effects that such discharge will have on plaintiff. The adverse recommendation was transmitted to the Chief of Naval Personnel. On April 14, 1956, plaintiff received notice from the Deputy to the Assistant Chief for Personnel Control that his request for re-enlistment was refused. The prayer of the complaint is for an order restraining and enjoining the defendants from not recommending plaintiff for re-enlistment at the termination of his current military service.

Several cases have been recently decided in this district involving the issuance of discharge certificates by the army. St. Helen v. Wyman, D.C., 139 F.Supp. 545; Levin v. Gillespie, D.C.1954, 121 F.Supp. 726; and Marshall v. Wyman, D.C., 132 F.Supp. 169. To avoid confusion it should be noted that the type of discharge to be proffered to plaintiff is not in dispute in the instant case. Defendants' answer asserts that a certificate of honorable discharge will be given to plaintiff upon his release from the service. The sole question presented, therefore, is whether this court can order defendants to recommend petitioner for reenlistment.

The adverse recommendation made by the defendants herein appears to be their own personal evaluation of plaintiff's service in the military. Just as a civilian employer might be called upon to make a recommendation based on his own personal observation and knowledge of a subordinate, the defendants herein were called upon to personally evaluate plaintiff. A recommendation by a superior necessarily involves elements of an employee's service which can only be observed and equated by a superior working in proximity with the employee being considered. Some of the elements that comprise a recommendation may not sometimes be capable of judicial proof.

But regardless of the nature of "recommendations" this court lacks the power to compel the defendants to make a recommendation one way or the other. As stated in Palmer v. Walsh, D.C.1948, 78 F.Supp. 64; and Marshall v. Crotty, 1 Cir., 1950, 185 F.2d 622; a district court does not have original jurisdiction to issue writs of mandamus, and the Declaratory Judgment Act, 28 U.S.C. § 400 did not enlarge the jurisdiction of the District Courts of the United States. The granting of declaratory judgment in this case would in effect be an unwarranted enlargement of the District Court's jurisdiction over defendants. It is well enough to be attuned to the use of new remedial concepts, but it is something else to increase jurisdiction beyond the other provisions of law by a clever use of remedies. Palmer v. Walsh, supra.

Defendants have already exercised their power to make a specific recommendation, to wit, that plaintiff not be recommended for re-enlistment. However, there is procedure provided by law which plaintiff can pursue in his own behalf. Although plaintiff has already been refused relief by the Bureau of Naval Personnel, he can following his discharge from his current enlistment, within a period of three calendar months apply for re-enlistment at any recruiting station, without loss of continuing service, and within 90 days without loss of benefits or bonuses. Further, he can make application to the Board of Correction of Military and Navy Records, under Title 5 U.S.C.A. § 191a.

Plaintiff has cited the following cases in his submitted memorandum of law. Williams v. Fanning, 1947, 332 U.S. 490, 68 S.Ct. 188, 92 L.Ed. 95; Levin v. Gillespie, D.C.1954, 121 F.Supp. 726; Marshall v. Wyman, D.C.1955, 132 F.Supp. 169; St. Helen v. Wyman, D.C., 139 F. Supp. 545; Harmon v. Brucker, D.C.1956, 137 F.Supp. 475; Patterson v. Lamb, 1946, 329 U.S. 539, 67 S.Ct. 448, 91 L.Ed. 485; Gentila v. Pace, 1951, 90 U.S.App. D.C. 75, 193 F.2d 924.

Williams v. Fanning, supra, can be distinguished from the instant case in that jurisdiction in said action was based on Judicial Code § 24(6), 28 U.S.C. § 41 (6), now 28 U.S.C.A. § 1339, which section gives District Courts original jurisdiction in postal matters.

The remaining cases deal with the District Court's jurisdiction to review the type of discharge certificates proffered by the military. The order in the case of Levin v. Gillespie, D.C.1954, 121 F.Supp. 726, was vacated by an order of the court dated March 24, 1955 and filed March 29, 1955. The other cases cited do not help plaintiff's position, but rather clearly indicate the jurisdictional limitations of this court to review military determinations. For example, the following language is cited from the case of Gentila v. Pace, supra [90 U.S.App.D.C. 75, 193 F.2d 927]:

"We think Congress intended that the Board's full and 'final' review should not be subjected to a further review, or series of reviews, in the courts. We may suppose that Congress considered the heavy burden that would be imposed upon the courts if they were required to review the findings upon which Army discharges are based."

As the law now stands, this court lacks jurisdiction to review or grant relief. Harmon v. Brucker, supra. Therefore the relief prayed for by plaintiff must be denied.