**Samuel T. MICHAELSON, Plaintiff-Appellant,**

v.

**Lt. General Thomas W. HERREN, individually and as Commanding General of the First Army, and as Post Commander, Fort Jay, Governors Island, New York 4, New York, Defendant-Appellee.**

**No. 131, Docket 24311.**

United States Court of Appeals Second Circuit.

Argued Oct. 3, 1956.

Decided March 13, 1957.

Gene Ann Condon, New York City, for plaintiff-appellant.

Paul W. Williams, U. S. Atty. for Southern Dist. of New York, New York City (Harold J. Raby, Asst. U. S. Atty., New York City, of counsel), for defendant-appellee.

Before FRANK, MEDINA and HINCKS, Circuit Judges.

HINCKS, Circuit Judge.

The plaintiff is a sergeant first class in the United States Army. In his complaint he alleges that he first enlisted in September 1942; that he was honorably discharged on November 14, 1945; that he was recalled to active duty in September 1950; that he was again honorably discharged in June 1951 and the day thereafter returned to service as a warrant officer remaining in active duty until November 1954; and that on January 7, 1955 he again re-enlisted for six years.

His complaint alleges that as a result of an administrative hearing convened on June 19, 1956 the Department of the Army determined to issue to the plaintiff an Undesirable Discharge [1] because of

---

1. The complaint speaks throughout as though a "Dishonorable Discharge" was about to issue. However, the appeal was presented on the theory—which we accept—that an "Undesirable Discharge" was the subject-matter of the complaint.

Army Regulations 635–208 (May 21, 1956) comprises "procedure and guidance in the elimination from the service of enlisted personnel having undesirable habits and traits of character." It provides that a board of three officers, after taking evidence in a hearing at which the respondent, whose elimination is under inquiry, may appear in person and by counsel, may recommend that the respondent be (1) Discharged because of undesirable habits or traits of character, or (2) Discharged because of unsuitability, or (3) Retained in service. Such a discharge will usually put an end to an army career. For the Regulation provides: "Reentry into the Army of an individual discharged under the provisions of these regulations is not warranted unless the cause of discharge is subsequently removed and reentry is authorized by The Adjutant General."

allegations which "were not upheld by substantial evidence upon the hearing aforesaid and were in fact not established in law or in fact (sic)." The complaint further alleges that "the service of a Dishonorable Discharge upon the plaintiff would be a capricious, arbitrary and illegal acts (sic) * * * in violation of the Fifth Amendment of the Constitution of the United States." Jurisdiction is alleged to arise under 28 U.S.C.A. § 1331, 5 U.S.C.A. § 1009,[2] Administrative Procedure Act, 10 U.S. C.A. § 652a, and on the Fifth Amendment.

The complaint did not allege that any proceedings within the military establishment for the review of the determination to issue an undesirable discharge had been initiated or exhausted.

By the complaint the plaintiff seeks a preliminary and permanent injunction restraining the defendant who is sued "individually and as Commanding General of the First Army and as Port Commander, Fort Jay, Governors Island, New York," from issuing said Undesirable Discharge and from taking any other action to effect the discharge of the plaintiff from the United States Army on the basis of acts or alleged acts during the period of his service in the United States Army.

On September 10, 1956, the plaintiff moved for a temporary injunction and on that date, upon his "Affidavit in Support of Application for Temporary Injunction," an order issued requiring the defendant to show cause on September 18 why a temporary injunction should not issue. This was accompanied by an interim restraining order.

On September 12, 1956, the defendant, through the United States Attorney, cross-moved for a dismissal of the complaint on the ground that it failed to state a claim upon which relief can be granted and on the further ground that the district court "lacks jurisdiction over the subject-matter of this action."

On September 14, 1956, the defendant filed an "Answering Affidavit" showing that the army hearing referred to in the complaint was held by a Board of Officers convened under Army Regulations 615–368 [3] to determine whether or not the plaintiff should be discharged prior to the normal expiration of his term of service; that after due notice to the plaintiff the Board convened on June 19, 1956 and held a hearing which terminated on June 29, 1956; that the plaintiff had been seasonably notified of all his rights, and attended the hearing throughout both in person and through counsel of his choice; that pursuant to regulations the record of the hearing was forwarded to Headquarters First Army for review which approved the recommendation of the Board for the plaintiff's discharge with an Undesirable Discharge. Before the discharge was issued to the plaintiff, the court below had entered its restraining order.

On September 18, 1956, after hearing, the judge below denied plaintiff's motion for a preliminary injunction and endorsed the defendant's motion to dismiss as follows: "Motion granted; complaint dismissed. (Cf Bernstein v. Herren, D.C., 141 F.Supp. 78, affirmed 2 Cir., 234 F.2d 434.)"

We hold that the complaint was rightly dismissed for lack of jurisdiction over the subject-matter. By 38 U.S.C.A. § 693h, Congress provided for the establishment of Army "Boards of Review" to review, at the request of a soldier to whom discharge had been issued, "the type and nature of his discharge or dismissal," said review to be "based upon all available records of the service department relating to the person requesting such review, and such other evidence as may be presented by such person." Under the authority of this stat-

---

2. Section 2(a) of the Administrative Procedure Act, 5 U.S.C.A. § 1001(a), provides that "there shall be excluded from the operation of this chapter * * * courts martial and military commissions."

3. Superseded by Army Regulations 635–208 (May 21, 1956).

ute the findings of such boards of review were "to be final subject only to review by the Secretary of the Army * * *." [4]

■ We think it clear that the court below, if it had any jurisdiction at all to review and revise final action by a duly constituted military board, could not properly assume to exercise such jurisdiction until the plaintiff had exhausted the review processes which the statute provided for the military establishment. It is, of course, familiar law that courts will not interfere with the administrative action of civilian agencies unless and until adequate and available administrative remedies have been exhausted. Aircraft & Diesel Corp. v. Hirsch, 331 U.S. 752, 67 S.Ct. 1493, 91 L.Ed. 1796; Macauley v. Waterman S. S. Corp., 327 U.S. 540, 66 S.Ct. 712, 90 L.Ed. 839; Yakus v. United States, 321 U.S. 414, 435, 64 S.Ct. 660, 88 L.Ed. 834. The same rule applies to military boards as to actions taken within their jurisdiction.[5] Bolger v. Marshall, 90 U.S.App. D.C. 30, 193 F.2d 37; Burns v. McCrary, 2 Cir., 229 F.2d 286; Burns v. Wilson, 346 U.S. 137, 142, 73 S.Ct. 1045, 97 L. Ed. 1508; McKinney v. Finletter, 10 Cir., 205 F.2d 761; Hunter v. Beets, 10 Cir., 180 F.2d 101, certiorari denied 339 U.S. 963, 70 S.Ct. 997, 94 L.Ed. 1372; Marshall v. Wyman, D.C., 132 F.Supp. 169, 176.

■ The plaintiff here was not excused from exhausting the military processes of review on the ground that, since no discharge had actually been issued to him, his rights of review had not matured. For it was by his own act in obtaining an order restraining the issue of his discharge that this result was brought about.

Affirmed.[6]

MEDINA, Circuit Judge (concurring).

I agree with Judge HINCKS that the order appealed from should be affirmed for the reasons stated by him. But I would prefer to rest the affirmance on what I consider to be a more substantial base.

It is clear beyond cavil, I think, that military determinations are excepted from review under the Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq., and that the Congress, by its establishment of Boards of Review and its declaration that the findings of these Boards of Review shall be "final subject only to review by the Secretary," 38 U.S.C.A. § 693h, intended to preclude judicial review so far as it was within its power to do so. Gentila v. Pace, 90 U.S.App.D. C. 75, 193 F.2d 924, certiorari denied 342 U.S. 943, 72 S.Ct. 556, 96 L.Ed. 702. It follows that a determination relative to the type of discharge issued by the Army may be reviewed by the courts only when there is presented some substantial claim that the military tribunal making the determination complained of has violated plaintiff's constitutional rights. See Estep v. United States, 327 U.S. 114, 120, 66 S.Ct. 423, 90 L.Ed. 567; Heikkila v. Barber, 345 U.S. 229, 234–235, 73 S.Ct. 603, 97 L.Ed. 972.

What appellant claims is in substance that the military tribunal, which made the decision that he be given a less than honorable discharge, acted in such a way as to deprive appellant of due process of

---

4. See also 10 U.S.C.A. § 1552, effective August 10, 1956.

5. The applicability of that rule was not involved in Harmon v. Brucker, D.C. Cir., 243 F.2d 613. For the plaintiff there had exhausted all available remedies in the military establishment.

6. Judge Frank, who died before this opinion was written, had voted in conference to reverse and remand for trial. He thought that on the bare allegations of the complaint the plaintiff was entitled to prove, if he could, that the Discharge Board had acted without due process and that the impact of an undesirable discharge on the plaintiff would be so grievous and immediate that he should not be required to accept the incidents of an undesirable discharge while exhausting the processes of military review before seeking relief from a civilian court.

law as guaranteed him by the Fifth Amendment. But his specification in the complaint of what he claims to have been a deprivation of property without due process of law turns out to be nothing of the kind. We need not refer to the contents of the affidavits used in opposition to his motion for a preliminary injunction, which are before us, and which demonstrate that his trial continued for several days, that he was represented by counsel, and that proofs were received in support of the factual allegations contained in the charges against him. A scrutiny of the complaint alone establishes to my satisfaction that what he complains of is merely that the military tribunal reached an erroneous conclusion on the evidence before it. And this is so whether we read his allegations as stating that, balancing the proofs pro and con, the findings were against the weight of the evidence, or as stating that the proofs taken as a whole were insufficient to support the findings. In either case, the complaint does not allege a denial of due process. While the Supreme Court has told us that there is such a denial if administrative findings are "unsupported by any evidence," United States ex rel. Vajtauer v. Commissioner of Immigration, 273 U.S. 103, 47 S.Ct. 302, 304, 71 L.Ed. 560; Ng Fung Ho v. White, 259 U.S. 276, 284, 42 S.Ct. 492, 66 L.Ed. 938; Eagles v. United States ex rel. Samuels, 329 U.S. 304, 312, 67 S.Ct. 313, 91 L.Ed. 308, or have "no basis in fact," Estep v. United States, supra [327 U.S. 114, 66 S.Ct. 427]; Witmer v. United States, 348 U. S. 375, 383, 75 S.Ct. 392, 99 L.Ed. 428, there is no lack of due process if the administrative agency based its findings on some evidence.

The gist of the complaint is in the following paragraph:

"Eighth: That the said allegations [those made against appellant by the military authorities] were not upheld by substantial evidence upon the hearing aforesaid and were in fact not established in law or in fact and the service of a [less than

Honorable] Discharge upon plaintiff would be a capricious, arbitrary and illegal acts [sic]."

The allegations of paragraph "Tenth" that the proposed action of the military "would be arbitrary, capricious and illegal and in violation of the Fifth Amendment" add nothing to what is alleged in paragraph "Eighth."

Whatever may be the intended effect of the simplified and liberal provisions of the Federal Rules of Civil Procedure, 28 U.S.C. in the ordinary run of civil litigation, I cannot believe that it was intended to sanction a review of the whole record of decision by an administrative tribunal, simply because the plaintiff in the action seeking such review asserts that the decision complained of was "illegal" or "in violation of rights under the Fifth Amendment." And I agree with what is said by Judge Edgerton on this subject in Gentila v. Pace, supra, 193 F.2d at page 926. These are bare conclusions of law "unsupported by any allegation of fact." See also: Polhemus v. American Medical Ass'n, 10 Cir., 145 F.2d 357; Swank v. Patterson, 9 Cir., 139 F.2d 145; Billings Utility Co. v. Advisory Committee, 8 Cir., 135 F.2d 108.