UNITED STATES of America,
Plaintiff,

v.

GUERLAIN, INC., Defendant.

UNITED STATES of America,
Plaintiff,

v.

PARFUMS CORDAY, INC., Defendant.

UNITED STATES of America,
Plaintiff,

v.

LANVIN PARFUMS, INC., Defendant.

United States District Court
S. D. New York.
March 31, 1959.

Richard B. O'Donnell, New York City, by Joe F. Nowlin, New York City, for plaintiff.

Shearman, Sterling & Wright, New York City, by Charles C. Parlin, Jr., New York City, for Guerlain, Inc.

Rosenman, Goldmark, Colin & Kaye, New York City, by Gilbert S. Edelson, New York City, for Parfums Corday, Inc.

Paul, Weiss, Rifkind, Wharton & Garrison, New York City, by Simon H. Rifkind, New York City, for Lanvin Parfums, Inc.

EDELSTEIN, District Judge.

After a successful prosecution of these suits in the District Court, and before argument of the appeals in the Supreme Court, the Government moved in the Supreme Court to vacate the judgments in order that, on remand, it might move for dismissals. The basis for this unusual and perhaps unique procedure is said to be a policy decision, arrived at only during the pendency of the appeals, that the main problem involved was inappropriate for judicial resolution in antitrust litigation. It has been represented that previous disagreement within the Executive Branch has been reconciled, and that the public interest would be better served by an attempt to get a legislative resolution to the same effect as the decision of this Court.

The "main problem" referred to is the meaning of § 526 of the Tariff Act of 1930 (19 U.S.C.A. § 1526), the Government having contended that it did not make protection available against imports of trademarked goods, where the American concern seeking such protection is affiliated with the foreign company whose legitimately marked goods it seeks to exclude. There is certainly no doubt that the attempt to resolve this issue in antitrust litigation was clumsy,

particularly in view of the fact that the Government was, through the Collector of Customs, allowing the exclusion that it claimed, through the Antitrust Division, to be illegal. Further, there is certainly no doubt that this Court suggested the inappropriateness of such litigation. There is no doubt that the Government elected to proceed nevertheless, and it is hardly to be presumed without careful study and advisement, the complaints having been filed some two and a half years earlier. There is considerable doubt that anything new transpired to cause the singular and abrupt change of heart during the pendency of the appeals. At least counsel for the Government was unaware of any new factual information having come to light since the filing of the complaints. There is, finally, no doubt that the suits were prosecuted at length, with tenacity, talent and vigor. One may be forgiven a degree of perplexity in the circumstances.

The one thought that obviously suggests itself is that the Government has reconsidered the validity of the decisions. But it is not the position of the Solicitor General that the decisions were in error and the Government denies that it has employed a stratagem for the confession of error. There is, indeed, no reason at all why a straightforward confession of error could or should not be made if the Government believed itself and the Court to be in error.

It is the duty of the Department of Justice to enforce the antitrust laws and it is the duty of this Court to decide the issues properly presented to it for decision. If the Department of Justice in its discretion adopts a policy of enforcement, it is not within the judicial realm to interfere. The decision to abandon these suits is a decision of policy within the discretion of the Department of Justice. But the dockets of this Court are congested to the point of public expressions of concern by the Department of Justice and these proceedings have constituted an unfortunate aggravation of that condition.

The motion to dismiss will, of course, be granted. And inasmuch as the defendants will thereby be deprived of an opportunity to prevail on appeal (an opportunity they are eager to take advantage of), it is only fair that the dismissals be with prejudice, a decision to which the Government consents.