In the Name of the PEOPLE of the United States of America ex rel. Herman BARMORE, Plaintiff,

v.

Wendell A. MILES, United States Attorney, et al., Defendants.

Civ. A. No. 3642.

United States District Court
W. D. Michigan, S. D.

Aug. 20, 1959.

Herman Barmore, in pro. per.

Wendell A. Miles, U. S. Atty., Grand Rapids, Mich., in pro. per.

STARR, Chief Judge.

In considering this motion for a writ of mandamus it is necessary to set forth briefly the factual situation out of which this proceeding arises. Upon jury trial in the circuit court of Muskegon county, Michigan, plaintiff Barmore was convicted of the crime of murder and sentenced to life imprisonment, and he is now confined in the State prison of southern Michigan at Jackson. About March 25, 1959, while confined in prison Barmore mailed to defendant Wendell A. Miles, United States attorney, a communication or complaint consisting of 31 typewritten pages, in which he demanded that the Federal government investigate an alleged conspiracy by the circuit judge, prosecuting attorney, sheriff, and deputy sheriffs of Muskegon county; the State police; and the city police and the city magistrate of Muskegon, to obstruct justice in connection with his arrest, trial, conviction, and sentence. On April 16th defendant Miles replied to Barmore's communication or complaint by letter reading as follows:

"Dear Mr. Barmore:

"Please be advised that this office has received on March 27, 1959 your letter dated March 25, 1959 and the enclosures to which you made reference.

"I have been advised that there was a motion for a new trial pending before the Honorable Henry L. Beers, Muskegon County Circuit Judge on your behalf and that such motion has been denied by the Judge on April 8, 1959.

"It would seem that the denial of your motion by Judge Beers now would make it possible for you to make an appeal of your case to the Michigan Supreme Court. I do not believe that you are prejudiced in any way in taking such action. At such time as the Michigan Supreme Court has had an opportunity to review your case and rendered a decision on it, we shall be pleased to receive from you any criticisms of treatment that you may have received. It seems to us at this time, however, that you have not exhausted your rights and privileges under the laws of the State of Michigan. Therefore, we are not in a position to conduct an extensive investigation as to the truth or falsity of such allegations as you have made. * *

"Wendell A. Miles,
United States Attorney."

On May 14, 1959, Barmore filed in this court a complaint entitled "order to show cause," in which he asked for a writ of mandamus requiring defendant Miles to show cause by answering 30 written questions as to why he, as an officer of the Federal government, should not make the investigation demanded. On June 15th defendant Miles filed a motion to dismiss the action on the ground that the United States district court is without jurisdiction to issue a writ of mandamus against him, and on the further ground that the complaint fails to allege facts entitling plaintiff to the relief sought.

■ The law is well established that a United States district court, outside of the District of Columbia, does not have jurisdiction to issue the writ of mandamus. In United States ex rel. State of Wisconsin v. First Federal Sav. & Loan Ass'n, 7 Cir., 248 F.2d 804, at page 809, the court said:

"It has been repeatedly held that mandamus may not issue in the district court unless it is necessary for the exercise of independently conferred jurisdiction."

In holding that district courts are without power to grant writs of mandamus or mandatory injunctions, which are in effect writs of mandamus, the court in Updegraff v. Talbott, 4 Cir., 221 F.2d 342, 345, quoted with approval from Appalachian Electric Power Co. v.

Smith, 4 Cir., 67 F.2d 451, 457, as follows:

> "District Courts of the United States are without jurisdiction to issue writs of mandamus to control official action of executive officers of the government even where such writs would lie at common law."

In Marshall v. Crotty, 1 Cir., 185 F.2d 622, at page 627, the court said:

> "Since the 1948 revision (of the Federal Rules of Civil Procedure), the courts have adhered to the view that Congress has not vested in the district courts original jurisdiction in cases of mandamus."

In Youngblood v. United States, 6 Cir., 141 F.2d 912, at pages 914, 915, the court said:

> "The instant action was brought in the United States District Court in the nature of an original petition for a writ of mandamus, and not as auxiliary to enforcement of an order, judgment or decree in a pending cause of action. As early as McIntire v. Wood, 7 Cranch 504, 11 U.S. 504, 3 L.Ed. 420, the power of an inferior federal court to issue the writ of mandamus was held to be confined exclusively to a case in which the writ may be necessary to the exercise of jurisdiction; as late as Covington & Cincinnati Bridge Co. v. Hager, 203 U.S. 109, 111, 27 S.Ct. 24, 51 L.Ed. 111, it was held to be settled beyond controversy that, until Congress shall otherwise provide, no power exists in these courts to issue a writ of mandamus in an original action brought for the purpose of securing relief by the writ, even if the relief sought concerns an alleged right secured by the Constitution of the United States."

In Schilling v. United States, D.C.E.D. Mich., 101 F.Supp. 525, at page 527, the court held:

> "This District Court is without jurisdiction to consider this action for coercive relief against the United States, whether by a writ of mandamus or by any other form of writ. Except when necessary to the exercise of their jurisdiction, Congress has not granted the United States District Courts, outside of the District of Columbia, jurisdiction to issue a writ in the nature of mandamus, except in designated cases of which this is not one. Covington & Cincinnati Bridge Co. v. Hager, 203 U.S. 109, 27 S.Ct. 24, 51 L.Ed. 111; Youngblood v. United States, 6 Cir., 141 F.2d 912."

See also Rosenbaum v. Bauer, 120 U.S. 450, 7 S.Ct. 633, 30 L.Ed. 743; McClung v. Silliman, 6 Wheat. 598, 19 U.S. 598, 5 L.Ed. 340; McIntire v. Wood, 7 Cranch 504, 11 U.S. 504, 3 L.Ed. 420; Jolles Foundation, Inc. v. Moysey, 2 Cir., 250 F.2d 166, 169; Fussa v. Taylor, D.C., 168 F.Supp. 302; Robert Hawthorne, Inc. v. United States Department of Interior, D.C., 160 F.Supp. 417; Payne v. McKee, D.C., 153 F.Supp. 932, 936; McKenzie v. Kirkpatrick, D.C., 141 F.Supp. 49, 50; Rosen v. Alleghany Corporation, D.C., 133 F.Supp. 858, 864, 865.

■ The law has long been established that courts may not direct the performance of a discretionary act by a Federal official. United States ex rel. Redfield v. Windom, 137 U.S. 636, 644, 11 S.Ct. 197, 34 L.Ed. 811; Hammond v. Hull, 76 U.S.App.D.C. 301, 131 F.2d 23, 25; Appalachian Electric Power Co. v. Smith, 4 Cir., 67 F.2d 451, 457; United States v. Guerlain, Inc., D.C., 172 F.Supp. 107, 108.

■ Furthermore, upon the denial of his motion for a new trial in the circuit court of Muskegon county, plaintiff may apply to the Supreme Court of the State for leave to appeal from that denial. In other words, the plaintiff has not exhausted the remedies available to him in the State courts of Michigan, and it has been held that the remedies available in the State courts for review of alleged errors in criminal proceedings are adequate. Losinger v. Bannan, 6 Cir., 205 F.2d 676; Mulvey v. Jacques, 6 Cir., 199

F.2d 300; Whalen v. Frisbie, 6 Cir., 185 F.2d 607; LaBelle v. Hancock, D.C., 134 F.Supp. 273, 275.

For the reasons herein stated the motion by defendant Miles to dismiss the present action by plaintiff Barmore for a writ of mandamus is granted and an order will accordingly be entered dismissing the action.