Clyde L. PAGE

v.

Robert S. McNAMARA, Individually and as Secretary of Defense, and Paul Nitze, individually and as Secretary of the Navy, and General Walker M. Greene, individually and as Commandant, United States Marine Corps, and Colonel R. J. Spritzen, individually and as Commanding Officer, Marine Barracks, United States Naval Base, Philadelphia, Pennsylvania.

Civ. A. No. 41561.

United States District Court
E. D. Pennsylvania.

Jan. 31, 1967.

Cecil B. Moore, Philadelphia, Pa., for plaintiff.

Drew J. T. O'Keefe, U. S. Atty., James C. Lightfoot, Asst. U. S. Atty., Philadelphia, Pa., for defendants.

MEMORANDUM AND ORDER

JOSEPH S. LORD, III, District Judge.

Plaintiff is a Marine sergeant who seeks to enjoin his discharge from the armed services on the ground that the contemplated administrative action is improper and may be judicially challenged under the Declaratory Judgments Act, 28 U.S.C. §§ 2201, 2202, and the Adminis-

trative Procedure Act, 5 U.S.C. § 1009. After granting his request for a temporary restraining order, we held a hearing on plaintiff's motion for a preliminary injunction. The notes of testimony have been transcribed and are part of the record. Before the hearing, defendants moved to dismiss, and after the hearing, they moved for summary judgment. We have determined that the latter motion may properly be granted since there are no remaining material issues of fact. F.R.Civ.P. 56; see Harris v. International Longshoremen's Association, 210 F. Supp. 4, 8 (E.D.Pa.1962), aff'd, 321 F.2d 801 (C.A.3, 1963); 6 Moore, Federal Practice, ¶ 56.17 [30].

The chronology of events upon which this action is predicated is uncontroverted. On February 1, 1966, Sergeant Page was first diagnosed by Navy physicians as having a paranoid personality. In accord with naval regulations, a Medical Board convened on May 25, 1966, confirmed the diagnosis, and concluded, *inter alia,* that (1) the condition was not due to plaintiff's misconduct; (2) the condition was not service-connected; (3) the condition was probably permanent, and (4) plaintiff was unsuitable for service and should be discharged.

On August 25, 1966, pursuant to plaintiff's appeal, a Navy Physical Evaluation Board reviewed the findings of the Medical Board, and after hearing testimony from Sergeant Page, who was represented by counsel, announced its concurrence with the Medical Board. Plaintiff failed to file a timely rebuttal from this adverse decision, and on October 5, 1966, the Physical Review Council, acting without benefit of further argument, affirmed the findings below and recommended to the Secretary of the Navy that Sergeant Page be discharged. On October 24, 1966, the Secretary directed plaintiff's discharge from the Navy.

Although plaintiff has exhausted all administrative remedies which are currently available to him, he has the further right after his discharge to appeal to the Board for the Correction of Naval Records. Here, he would receive a full counselled hearing including the right to offer all relevant evidence. The Board has the power to afford plaintiff a full remedy, including a recommendation of reinstatement with back pay and benefits if appropriate.

Under the circumstances, although Sergeant Page must be discharged before he can pursue this final administrative remedy, it is clear that he would not be materially prejudiced by the denial of judicial review at this time. The mere fact that the Navy will not consider *de novo* his claims until after discharge does not warrant our intervention. See, e. g., McCurdy v. Zuckert, 359 F.2d 491 (C.A.5, 1966). There must be some element of irreparable and otherwise irremediable harm to justify consideration by this court before *all* administrative remedies have been exhausted. McCurdy v. Zuckert, supra; Schwartz v. Covington, 341 F.2d 537 (C.A.9, 1965); Reed v. Franke, 297 F.2d 17 (C.A.4, 1961); Michaelson v. Herren, 242 F.2d 693 (C.A. 2, 1957).

The Navy, having ascertained at no less than four levels that plaintiff should be discharged will not be ousted of its primary jurisdiction nor will its findings be reviewed absent a determination that grave injury to the serviceman and little or no disservice to the public interest would result from plaintiff's immediate discharge. We are unable to make such a determination in this case.

It is undisputed that Sergeant Page, if removed from the Navy as contemplated, will receive an honorable discharge, which is the highest, most meritorious type of certification currently afforded those leaving military service. Certainly, no stigma will attach to his being mustered out on such terms. Nor, for that matter, do opprobrious connotations flow from the findings of the various naval boards to date. Page has done nothing to be ashamed of; an allegation of mental illness cannot in these enlightened times be viewed as the equivalent of moral condemnation.

The plaintiff's position is that he has been incorrectly diagnosed, or that at

the very least any psychiatric afflictions which exist are the product of his service with the Marines and should be compensated accordingly after discharge. The Board for the Correction of Naval Records is experienced in dealing with claims of this type against the background of antecedent administrative proceedings. Here, the Board can pass on plaintiff's contentions with that background and after full benefit of such further evidence and argument as the plaintiff may wish to present. For us to assume a review of the Navy's action at this stage under circumstances evidencing no basis for extraordinary relief would be both premature and improvident. We decline to do so.

Defendants' motion for summary judgment will be granted.

It is so ordered.