Paul Luther Blegen, pro se.

**Paul Luther BLEGEN, Petitioner,**

v.

**UNITED STATES NAVY, Respondent.**

Civ. A. No. 19219–3.

United States District Court,
W. D. Missouri, W. D.

March 19, 1971.

ORDER GRANTING PETITIONER LEAVE TO PROCEED IN FORMA PAUPERIS AND JUDGMENT DISMISSING ACTION WITHOUT PREJUDICE

WILLIAM H. BECKER, Chief Judge.

In his prior petition in this Court for federal habeas corpus, Blegen v. Commanding Officer, Fort Leonard Wood, Missouri (W.D.Mo.) Civil Action No. 17872–3, petitioner claimed that his induction into the United States Army was illegal because, among other things, he was inducted into the United States Army while he was still technically a member of the Marine Reserve. In denying that contention, this Court stated:

"Petitioner contends that he cannot now lawfully be on active duty in the Army when he is still a member of the Marine Corps Reserve. This is a highly technical argument, based upon no federal statutory or constitutional

provision.[2]  In point of his federally-

*       *       *       *       *

"2.  The applicable federal statutes are §§ 1162 and 1163 of Title 10, United States Code.  Section 1162 provides that 'Subject to other provisions of this title, reserve commissioned officers may be discharged at the pleasure of the President.  Other reserves *may* be discharged under regulations prescribed by the Secretary concerned.'  (Emphasis added.)  Army Regulations 140–178 currently provide that a reservist will be discharged 'as of the day preceding enlistment or induction' (although, as may be the case with petitioner, the discharge is usually not accomplished until some time after induction).  It appears that these Army Regulations might conflict with Selective Service Regulations which require that a registrant reservist who is inducted for satisfactory participation be in fact a member of the Reserve on the day of his induction.  Insofar as the regulations are consistent, they are not violated in this case.  Petitioner, when awarded his discharge, may be awarded the discharge 'as of' the date prior to his induction.  Further, the Army Regulation is consistent [with this result] insofar as it requires that:

'Discharge to enter another military status  .  .   .  . does not relieve the obligated individual of the remainder of any obligation incurred under any provision of law at the time of initial entry into military service.'

Further, the discretionary language in respect of reserve discharges in Section 1162, *supra*, is not violated by failure or refusal to discharge under the conditions noted in this case.

protected rights, petitioner does not state any violation in this regard. The dual membership does not figure to force petitioner to suffer any deprivations nor will it prolong his ordinary term of service.  Further, reserve membership in one branch of the Armed Forces and active membership in another do not appear to be logically inconsistent.  Respondent, in [his] final response, notes that the Judge Advocate General of the Army has described the duties of the two obligations as being 'not incompatible' in two opinions.  JAGA 1960/3883 dated April 26, 1960;  JAGA 1965/4229 dated June 22, 1965.  But those opinions are not relied on for the conclusion in this case that the kind of dual membership [here stated] violates no federally protected rights.  Rather, the basis of the decision here is that no federal statutory or constitutional provision can be cited of which this is a violation.  This case is unlike dual membership in active components of two branches of the military service, which may impose conflicting duties.  The dual membership here does not impose conflicting duties or any other obligation in excess of that imposed by the Military Service Act."

*       *       *       *       *       *

That decision was later affirmed by the Eighth Circuit Court of Appeals, upon the reasoning stated by this Court.  See Blegen v. Commanding Officer, Fort Leonard Wood, Missouri (C.A.8 No. 20,-340,) (1970).

On March 1, 1971, under date of February 23, 1971, the Court received the following letter which petitioner had addressed to this Court:

"You will no doubt remember me from last year's case 17872–3 in habeas corpus, which you denied.  Perhaps you will permit me to express my disappointment over your decision;  my only consolation may be that I am only one of many, many needy—and innocent—people who suffer with no help from the courts of the American people.

"I would call to your attention now, the enclosed letter to one D. A. Lane, WO–1, USMC, who has issued me a certificate of General Discharge from the Department of the Navy.  This illustrates, and intensifies, the sad situation I am in.  Not only did I not want the discharge (I pleaded in the opposite in habeas corpus), but it was not due to me.  This complicates matters grossly.

"In addition to this, the certificate certifies that I was discharged as of December 2, 1969—correction, December 1:  yet I have just received it in the mail.

"Now you know as well as I, that the certificate was just issued, and that it bears only the remotest relation to December 1, 1969, and that it was brought about probably by the court action I have maintained."

Attached to that letter is a carbon copy of a letter addressed by petitioner to the "National Personnel Records Center, General Services Administration, Military Personnel Records, 9700 Page Boulevard, St. Louis, Missouri 63132, Attention: D. A. Lane, WO-1, USMC," which reads as follows:

"On Friday, February 19, 1971, I received a certificate of 'General Discharge', bearing your signature, in a manila envelope bearing as a return address the address I have used above. The printed return address was that of the Department of Navy at Kansas City, Missouri, and was crossed out in favor of your return address.

"Since I have neither sought nor desired this discharge, and it was not owed to me, would you be so kind as to inform me by return mail the reason for it?"

From the foregoing, it appears that the discharge granted petitioner from the Marine Corps Reserve was for the purpose of his being inducted into the Army in December of 1969. Further, because this Court did not make any ruling on the legality or constitutionality of the Army Regulation under which the discharge was apparently issued, petitioner's conclusion that his habeas corpus action in this Court precipitated the action by the Navy Department is apparently unsupported in fact.

■■ Because petitioner may be, by submitting his letter to this Court, attempting to challenge the lawfulness of his discharge, his letter will be treated as a petition for judicial review of the discharge, of which the federal district courts, under certain conditions, may have jurisdiction. See, e. g., Owings v. Secretary of the United States Air Force (D.C.D.C.) 298 F.Supp. 849, 852, n. 5. But the jurisdiction of the federal district court is not "primary jurisdiction." McCurdy v. Zuckert (C.A. 5) 359 F.2d 491, 495. "Primary jurisdiction," rather, is vested in the naval board for review of discharges created under the provisions of Section 1553, Title 10, United States Code. Page v. McNamara (E.D.Pa.) 263 F.Supp. 334. Section 1553, *supra,* pertinently reads as follows:

"(b) Each board shall have authority, except in the case of a discharge or dismissal resulting from the sentence of a general court-martial, to change, correct, or modify any discharge or dismissal, and issue a new discharge in accord with the facts presented to the board. The findings of each board shall be subject to review only by the Secretary concerned.

"(c) No review is authorized under this section unless application therefor is filed with the proper board within fifteen years after whichever last occurred, (1) the date of the discharge or dismissal sought to be reviewed, or (2) June 22, 1944."

The petition herein should therefore be dismissed without prejudice to petitioner's exercising his administrative remedies under Section 1553, *supra.* It is not necessary at the present time, therefore, to decide whether venue would be proper in this district for any action of this type brought after the exhaustion of administrative remedies.

To save time and unproductive effort, petitioner will be granted leave to proceed in forma pauperis. But, for the foregoing reasons, the petition herein must be dismissed without prejudice to petitioner's available administrative remedies.